THORNTON, J.
This appeal involves a post-conviction relief proceeding in which petitioner moved for a change of venue. Petitioner appeals from the order of the trial court denying the motion for change of venue.
In his motion petitioner claimed that the substantial publicity surrounding his trial prevented him from obtaining a fair and impartial post-conviction hearing in Marion County.[1]
The trial court after hearing arguments denied petitioner’s motion, stating:
"THE COURT: Well I think there is a big distinction between a case tried initially before a jury as to whether or not a change of venue is appropriate. There being no jury involved in a post conviction case, I think judges must rise above the charge that publicity would influence their decisions. I think security is another important issue whether Mr. Brudos would be the only witness or whether he — particularly, if he would call other inmates as witnesses on his behalf.
"I believe the security features outweigh the so-called convenience feature of going to the County in which Dr. Bauerman [a witness] resides.
"In short, I believe there are many reasons for denying the motion for change of venue and it is so ordered.”
The written order signed by the judge states only that the petitioner’s motion was denied because ORS 138.560(4)[2] does not provide for a change of venue under the circumstances of this case.
*[28] Petitioner contends that the court failed to consider his constitutional or statutory grounds[3] for change of venue.
Notwithstanding the narrow language of the order, we conclude from a review of the record that the trial judge did in fact consider and rule upon defendant’s constitutional and statutory grounds for change of venue.
 The record does not sustain petitioner’s further contention that the court erred in finding that petitioner would get a fair and impartial hearing in Marion County. Change of venue is within the trial court’s discretion, State v. Brumfield, 104 Or 506, 209 P 120 (1922), and we find no abuse of discretion here.
Affirmed.

 Petitioner was convicted in Marion County Circuit Court of three counts of first degree murder following his plea of guilty to each charge in 1969. He commenced this post-conviction relief proceeding to set aside his guilty pleas and obtain a new trial on the ground that his pleas were not voluntarily and knowingly entered. The trial court found otherwise and denied petitioner post-conviction relief.

 ORS 138.560(4) provides:
"Whenever petitioner is imprisoned in the Oregon State Peniten *[28] tiary or the Oregon State Correctional Institution and the Circuit Court for Marion County finds that the hearing upon the petition can be more expeditiously conducted in the county in which the petitioner was convicted and sentenced, the Circuit Court for Marion County upon its own motion or the motion of a party may order the petitioner’s case to be transferred to the circuit court for the county in which petitioner’s conviction and sentence were rendered. Such an order shall not be reviewable by any court of this state.”

ORS 131.355 provides:
"The court, upon motion of the defendant, shall order the place of trial to be changed to another county if the court is satisfied that there exists in the county where the action is commenced so great a prejudice against the defendant that he cannot obtain a fair and impartial trial.” ORS 131.363 provides:
"For the convenience of parties and witnesses, and in the interest of justice, the court, upon motion of the defendant, may order the place of trial to be changed to another county.”