JUSTICE HARRISON
delivered the Opinion of the court.
Coleman appeals from a Rosebud County District Court dismissal of his petition for post-conviction relief. Title 46, Chapter 21, Montana Code Annotated.
None of the issues presented by petitioner on this appeal are base in the underlying facts of the criminal cause. Therefore, the facts surrounding Coleman’s conviction for the death of Peggy Lee Harstad will not be recited. Afull text of these facts can be found in our decision of an earlier appeal, State v. Coleman (1978), 177 Mont. 1, 579 P.2d 732. Operative procedural facts will be discussed with reference to specific issues offered by the petitioner.
Petitioner Coleman presents eight issues for resolution by this court:
*432 1. Is post-conviction relief a new civil action or a continuation of the previous criminal cause?
2. Should the judge have recused himself when his testimony is required as to certain claimed violations?
3. In petitioner not entitled to post-conviction relief because he has been sentenced to death?
4. Are claims of constitutional violations barred by res judicata because they were decided in earlier Coleman appeals?
5. Were thirteen of Coleman’s constitutional claims properly dismissed because “they include vague new allegations, they are too vague to state new claims, or are unsupported by authority and therefore barred by res judicata?
6. Were seven of Coleman’s constitutional claims properly dismissed because the “new authority cited is either inapplicable to petitioner’s case or clearly distinguishable from it leaving the claims barred by res judicata”?
7. Were five of Coleman’s constitutional claims waived “because he failed to raise them in his direct appeal and because they are without merit”?
I. POST-CONVICTION RELIEF AS CIVIL OR CRIMINAL ACTION
This court recognizes the unique nature of the post-conviction remedy. Montana law does not label the proceeding as either civil or criminal, although the chapter providing post-conviction relief is in the criminal procedure title. Title 46, Chapter 21, Montana Code Annotated.
The Montana provisions of § 46-21-101 et seq., MCA, are derived from the Uniform Post-Conviction Procedure Act and are essentially similar to the federal statute (28 U.S.C. § 2255). The federal courts have consistently held that an action under 28 U.S.C. § 2255 is a civil action, independent of the original criminal conviction. See Heflin v. United States (1959), 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. The same rule has been adopted in other states which have adopted the uniform act. Clark v. State (1969), 92 Idaho 827, 452 P.2d 54.
In those states with similar provisions not necessarily deriving from the uniform act, the courts have been consistent in their view that post-conviction relief is civil in nature and independent of the criminal action. State v. Hannagan (Alaska 1977), 559 P.2d 1059; *433 Noble v. State (1973), 109 Ariz. 537, 514 P.2d 458; State v. Richardson (1965), 194 Kan. 471, 399 P.2d 799; Smith v. State (1968), 79 N.M. 450, 444 P.2d 961; Noble v. Sigler (8th Cir. 1965), 351 F.2d 673, cert. denied, 385 U.S. 853, 87 S.Ct. 98, 17 L.Ed.2d 81, (held that post-conviction applications are civil in nature); People v. Jones (1975), 30 Ill.App.3d 706, 332 N.E.2d 411; State v. Smith (Mo.1959), 324 S.W.2d 707; Tolar v. State (Fla.App. 1967), 196 S.2d 1.
Clearly, this is not intended to be another form of appeal from a criminal case, but a separate civil action aimed at vacating, setting aside or correcting a sentence. There is no Montana case interpreting the nature of the post-proceeding petition, but the proceeding could be closely analogized to that seeking a writ of habeas corpus which this court decided in 1927 was an independent civil proceeding. August v. Burns (1927), 79 Mont. 198, 213, 255 P. 737, 741.
It is important to note that we do not here intend to erode the fundamental principle discussed below that the sentencing court is the proper court for the post-conviction petition. We are mindful that a party to a civil action is entitled to two substitutions of presiding judges. Section 3-1-801 subd. 4, MCA (adopted by order of this court on December 29,1976, 34 St.Rep. 26). However, because an applicant for post-conviction relief is directed by the more specific provisions of the post-conviction statute to bring the petition in this court or in the court that sentenced him, we find that the two judge disqualification grant of § 3-1-801, subd. 4, MCA, is unavailable to the post-conviction petitioner. In Montana, when a general statute is in conflict with a specific act, the specific statute will take precedence. Section 1-2-102, MCA; In Re Coleman's Estate (1957), 132 Mont. 339, 317 P.2d 880.
We hold that the Montana post-conviction relief procedure is civil in nature and independent of the underlying criminal cause. We will proceed to consider the issues raised on the appeal to this court. Coleman contends that it was error to deny various requests without the evidentiary hearing. It is not error to deny an application for post-conviction relief without an evidentiary hearing if the allegations are without merit or would otherwise not entitle the petitioner to relief. Clark v. State supra. Tramel v. State (1968) 92 Idaho 643, 448 P.2d 649; Donnelly v. State (Alaska 1973), 516 P.2d 396 (allegations in post-conviction petition were too vague and illusory to warrant evidentiary hearing); Widermyre v. State (Alaska 1969), 452 P.2d 885; People v. Lyons (1978), 196 Colo. 384, 585 P.2d 916; Cook v. State (1976), 220 Kan. 223, 552 P.2d 985.
*434 The decision to admit or deny an application for post-conviction relief is a discretionary one and one that will not be disturbed by this court absent a clear abuse of discretion. Section 46-21-201, MCA; State v. Ybarra (1974), 22 Ariz.App. 330, 527 P.2d 107; Brudos v. Cupp (1977), 31 Or.App. 25, 569 P.2d 680; Sullivan v. State (1977), 222 Kan. 222, 564 P.2d 455.
II. RECUSAL OF THE SENTENCING JUDGE
Coleman next maintains that the district judge should have recused himself as presiding judge over his petition for post-conviction relief in light of the fact that he was the sentencing judge. Petitioner observes that in a post-conviction proceeding, the sentencing judge would likely be called to testify as to, inter alia, the propriety of the death sentence. Citing 46 Am.Jur.2d Judges, § 91 at 158, Coleman submits that a judge should excuse himself as a matter of course if it appears that he may be called as a witness. We disagree.
Coleman fails to recognize the compelling purpose and policy considerations behind that portion of the statute (§ 46-21-103, MCA) which directs that a petition for post-conviction relief be filed in either the court of conviction or this court. See also § 46-21-101, MCA (“may petition the court which imposed the sentence ...”).
Historically, having the sentencing judge preside at the subsequent proceeding has been earnestly advocated for the following reasons: (1) it reduces the burden on the District Court at the place of confinement; (2) it reduces the cost of the proceeding since most of the witnesses likely to be called are probably in the locale where the trial occurred; and, (3) the convicting court is more familiar with the totality of the facts and circumstances surrounding the case. Commissioner’s Comment, 11 U.L.A. Post-Conviction Procedure § 3 (1974). Still another important consideration was enunciated by Idaho Supreme Court Justice Donaldson in Still v. State (1974), 95 Idaho 766, 519 P.2d 435, 437:
“Although it doesn’t matter whether the proceeding is denominated as one for habeas corpus or for post-conviction relief, it is still necessary that the procedures of the Uniform Post-Conviction Procedure Act be followed. The Act was designed to give the district court which made the initial determinations a chance to correct any mistakes or irregularities that occurred in that court. In addition, that court has before it all the facts required to make such a determination. Therefore, the application or petition for relief must be filed in the district court where the conviction occurred. I.C. *435 § 19-4902.” (Emphasis added.)
This court is also of the view that the post-conviction court judge should only recuse himself if the petitioner shows that the judge is the source of material evidence otherwise unobtainable. A trial judge’s familiarity with a case does not automatically make him a material witness in post-conviction proceedings. Bresnahan v. Luby (1966), 160 Colo. 455, 418 P.2d 171, 22 A.L.R.3d 1193. The Bresnahan court also emphasized the importance of the trial judge’s familiarity with the criminal case which is being collaterally attacked by the civil action. The case at bar involved thousands of pages of testimony, briefs, motions and trial court records. We are mindful of the delay and burden on the efficient administration of justice which would occur if another judge were required to familiarize himself or herself with this record for the purpose of a post-conviction evidentiary hearing. Such delay can only be justified by the strongest showing of materiality and unavailability of evidence sought to be adduced from the sentencing judge.
In this case, petitioner never makes it entirely clear to this court just what testimony he hoped to elicit from the district judge. Abstract excursion into the mental processes of the sentencing judge do not justify the pro forma recusal of a judge who is fully acquainted with the case. It appears at best petitioner was attempting to embark on a fishing trip, hoping to uncover damaging testimony about the fairness of the sentence. Such a discovery procedure would not be allowed with any witness but is especially suspect when directed at the trial judge. See Moore v. People (1971), 174 Colo. 570, 485 P.2d 114.
We find, therefore, that unless some specific and compelling evidence is sought to be adduced from the testimony of the sentencing judge and such evidence can be found nowhere else, for many substantial reasons the trial judge should also preside over a petition for post-conviction relief. The Act itself lends credence to this line of reasoning, and it can be easily inferred that the legislature, in providing that a post-conviction petition should be filed in the court of conviction, intended that the sentencing judge preside over the post-conviction proceeding. The standard of proof regarding the necessity of a sentencing judge’s testimony is high; only the strongest showing of materiality and unavailability warrants recusal. See In Re Continental Vending Machine Corp. (2nd Cir. 1976), 543 F.2d 986. The reasons advanced by petitioner for recusal of the trial judge were simply not sufficient to justify a substitution of judges.
*436 III. APPLICABILITY OF POST-CONVICTION PROCEDURE TO CAPITAL CONVICTIONS
In regard to the third issue, § 46-21-101, MCA, recites in applicable part:
“Circumstances in which validity of sentence may be challenged. A person adjudged guilty of an offense in a court of record who has no adequate remedy of appeal... may petition the court which imposed the sentence, the supreme court, or any justice of the supreme court to vacate, set aside, or correct the sentence.”
This court has not specifically addressed the question of whether capitally-sentenced defendants are entitled to the protections of the post-conviction relief statute, or whether the automatic sentence review statute, § 46-18-307, et seq., MCA, stands in place of post-conviction relief. We are aware of the language of Mr. Justice Sheehy in State v. Coleman (1979), [185 Mont. 299,] 605 P.2d 1000, 1006, 36 St.Rep. 1134, 1135, cert. denied, 446 U.S. 970, 100 S.Ct. 2952, 64 L.Ed.2d 831, wherein he writes:
“Because the review conducted by the court [pursuant to the automatic review provisions of § 46-18-307 through § 46-18- 310, MCA] statutorily stands in place of any recourse to the Sentence Review Division, the completion of this review will mark the end of state action upon this cause, excepting the action upon a petition for rehearing.” (Emphasis added.)
But cf., State v. McKenzie (1978), 177 Mont. 280, 322, 581 P.2d 1205, 1229.
That language, as noted, only specifically pertains to the sentence review procedure and only generally could it be interpreted to represent a bar to the utilization of post-conviction procedure. The post-conviction statute does not limit its provisions to noncapitally-sentenced persons, nor does the automatic review statute herald itself as an exclusive remedy. Such an interpretation would have to be inferred from the nature of the statutes and policies involved. We do not believe that such an interpretation can be given to these statutes.
In arriving at this conclusion, the plain meaning of the post-conviction statute is particularly persuasive. The statute provided that “a person adjudged guilty of an offense” is entitled to access to the post-conviction procedure. If the legislature intended this statute to be applied only in noncapital sentences, we must conclude that it would have expressly done so. The terms of “a person” or “any person” and “a crime” or “any crime” are generic terms *437 encompassing a very broad spectrum of acts and actors. Any limitation of the grant of review in post-conviction procedures must be made by the legislature. It is clearly not the power of this court to interpret the law in a manner contrary to legislative intent. See American Linen Supply Co. v. DOR (1980), [189 Mont. 542,] 617 P.2d 131, 37 St.Rep. 1707, Dunphy v. Anaconda Co. (1968), 151 Mont. 76, 438 P.2d 660.
Although the State argues persuasively regarding the legislature’s intent regarding finality of sentences, we do not believe that the “plain meaning” of the statute demonstrates its inapplicability to capitally-sentenced offenders. Though aware of these competing legislative interests, this court does not have the power to go beyond the clear and unequivocal provisions of the law.
IV. APPLICABILITY OF RES JUDICATA TO PETITION FOR POST-CONVICTION RELIEF
Montana law is bereft of any decision on whether the doctrine of res judicata is applicable to a prayer for post-conviction relief. As a general proposition, we have held:
“The doctrine of res judicata states that a final judgment on the merits by a court of competent jurisdiction is conclusive as to the causes of action or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.” Meagher Co. Water Dist. v. Walter (1976), 169 Mont. 358, 361, 547 P.2d 850, 852.
The doctrine bars reconsideration of an issue if four elements are present: “(1) the parties or their privies must be the same; (2) the subject-matter of the action must be the same; (3) the issues must be the same, and must relate to the same subject-matter; and (4) the capacities of the persons must be the same in reference to the subject-matter and to the issues between them.” Brannon v. Lewis and Clark County (1963), 143 Mont. 200, 207-208, 387 P.2d 706, 711.
Aside from the bar of res judicata, this court has consistently refused to allow relitigation in a collateral proceeding of issues determined by direct appeal. In Re Quigg (1976), 168 Mont. 512, 544 P.2d 441, and Spurlock v. Crist (1980), [188 Mont. 449,] 614 P.2d 498, 501, 37 St.Rep. 1146, in some cases by reaffirming the prior holdings. Digiallonardo v. Betzer (1973), 163 Mont. 104, 105, 515 P.2d 705, accord, Orricer v. State (1970), 85 S.C. 293, 181 N.W.2d 461.
*438 In light of the dearth, if not complete absence, of guiding Montana case law in this regard, a review of the law as it has evolved and developed with regard to the applicability of res judicata to the Federal Act, 22 U.S.C. § 2255, will aid.
Historically the principle of res judicata was not seen to apply to writs of habeas corpus or petitions for relief under § 2255. See, Sokol, Federal Habeas Corpus § 21.5; cf., Kelley, Finality and Habeas Corpus, 78 W.Va.Law Rev. 1 (1975). However, a new rule has been recognized regulating successive federal motions on grounds previously heard and determined. In Sanders v. United States (1963), 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, the court stated:
“Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.” 373 U.S. at 15, 83 S.Ct. at 1077.
Where a trial or appellate court has determined the federal prisoner’s claim, discretion may in a proper case be exercised against the grant of a § 2255 hearing. Where the trial or appellate court has considered and decided a federal prisoner’s claim, it may be open to § 2255 court to determine that, on the basis of the motions, files and records, the prisoner is entitled to no relief. See Thornton v. United States (D.C. Cir. 1966), 368 F.2d 822 (dissenting opinion of Wright, J.).
The res judicata rule has now come to a point in its evolution where it can be said with certainty that a “ground for relief previously considered on appeal from a federal prisoner’s conviction cannot be reconsidered on a motion attacking sentence under 28 U.S.C.S. § 2255.” Torcia, Wharton’s Criminal Procedure, § 649 at 401 (1976) and cases cited therein.
Res judicata cannot be applied in such a manner as to deprive Coleman of the right to file a post-conviction procedure. However, res judicata can be used to bar the rehearing of issues already litigated under the rule in Sanders. This interpretation preserves the Montana post-conviction remedy by requiring judicial inquiry into the propriety of the sentence and of the detention, while preventing abuse of the procedure by relitigation of a claim previously considered and found insufficient. As discussed in Sanders, relitigation would mean a waste of judicial effort, risking a cluttering of the court’s limited *439 resources with collateral attacks already decided on the merits. As one court put it, “judicial economy dictates restrictive limitations of reruns.” United States ex rel. Townsend v. Twomey (7th Cir. 1971), 452 F.2d 350, 357, cert. denied, 409 U.S. 854, 93 S.Ct. 190, 34 L.Ed.2d 98. Some states have gone beyond Sanders and statutorily prohibit more than one collateral attack on a single conviction. See Ill.Ann.Stat.C. 38, § 122-3 (1964); Mo.Sup.Ct.R. 27.26(d); Wyo.Stat.Ann. Tit. 7, § 7-408.3 (1963).
We, therefore, adopt the Sanders criteria as previously quoted in this opinion. We affirm the holding of the District Court that the following twenty-seven issues have been considered previously and decided by this court and Coleman has alleged no new facts or law with respect to these issues which require additional considerations: F, G, H, I, J, L, M, N, P, R, S, T, V, W, Y, Z, AA, DD, GG, HH, II, JJ, KK, LL, MM, NN, and PP.
V. VAGUENESS AS BAR TO EVIDENTIARY HEARING
The lower court denied thirteen of Coleman’s claims because they were too vague to state new claims or were unsupported by authority and were, therefore, barred by res judicata. The State argued in the District Court that “vague allegations” do not present and proper basis for review. We agree.
Vague rehashings of issues previously adjudicated by a court of competent jurisdiction will not make unworthy claims magically meritorious. Naked allegations of injustice cannot constitute new grounds or provide any basis for relief. Cf. Hooker v. People (1970), 173 Colo. 226, 477 P.2d 376. Again, we must defer to the discretion of the District Court in determining if the claims made in the petition are valid or merely previously decided issues in disguise. Andrews v. Morris (Utah 1980), 607 P.2d 816, cert. denied, 446 U.S. 949, 101 S.Ct. 254, 66 L.Ed.2d 120. Moreover, this court will not disturb the post-conviction court’s judgment in this regard absent a clear abuse of discretion. See Redd v. State (1967), 199 Kan. 431, 429 P.2d 925 (emphasizing great discretion in the post-conviction court to make initial judgments regarding validity and substance of claims).
We affirm the holding of the District Court that the following thirteen issues or claims are dismissed as res judicata because the vague new allegations do not affect the validity of the prior determinations of this court: B, E, K, Q, U, X, CC, EE, FF, OO, QQ, RR, and XX.
*440 VI. APPLICABILITY OF NEWLY DEVELOPED AUTHORITY
We next consider Coleman’s contention that seven of his claims were not properly dismissed on the grounds that the new authority cited was either inapplicable or clearly distinguishable, leaving the claims barred by res judicata. Cases have recognized that although particular issues have been addressed and determined adversely to a prisoner on a direct appeal, a post-conviction court may nevertheless consider such matters where there has been a substantial change in the applicable law. United States v. Sorenson (D.N.Y. 1970), 308 F.Supp. 1268; Robson v. United States (1st Cir. 1975), 526 F.2d 1145. As to these seven claims, we note that no evidentiary hearing is required since these are questions of law only which are involved. A court may, of course, conclude that the changes in the law are inapplicable to petitioner’s case. Robinson v. United States (D.Ky. 1967), 264 F.Supp. 146, aff’d, (6th Cir. 1968), 394 F.2d 823, cert. denied, 393 U.S. 1057, 89 S.Ct. 698, 21 L.Ed.2d 698, reh. denied, 393 U.S. 1124, 89 S.Ct. 997, 22 L.Ed.2d 133.
We have reviewed Coleman’s seven claims and find that the cases cited by Coleman are distinguishable. We therefore affirm the District Court’s holding that the following seven claims are barred by res judicata as the new authority cited is inapplicable or clearly distinguishable: A, C, D, O, BB, TT, and W.
VII. DISMISSAL ON GROUNDS OF WAIVER AND LACK OF MERIT
The District Court held that five of Coleman’s claims were dismissed because he failed to raise them on his direct appeal. The District Court further found that the five claims were without merit. Because the post-conviction procedure is a new civil remedy, the failure to present claims in earlier proceedings would not bar them from presentation at this time. However, we have reviewed the claims and find the same to be unmeritorious. It was not error for the court to deny them summarily. Sanders, supra; Widermyre v. State (Alaska 1969), 452 P.2d 885; State v. Richmond (1977), 114 Ariz. 186, 560 P.2d 41, cert. denied, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1101; People v. Trujillo (1976), 190 Colo. 497, 549 P.2d 1312; Andrews v. Morris, supra.
We affirm the dismissal by the District Court of the following claims on the basis that they are without merit: SS, UU, WW, YY, and TIL.
*441 Two hearings were held, with petitioner and his attorney present, on the following dates: June 14, 1978, and July 16 and 19, 1978. At the June 14 hearing, counsel for petitioner noted to the court that in view of the fact a presentence report had not been prepared, he was not presenting an additional report. The presentence report contained the information that petitioner had never been convicted of any prior felony prior to the present charge. Counsel for petitioner noted:
“May the record show that on behalf of the defendant, we are not going to call this gentleman [probation officer Thomas Lofland] to the stand at this time for examination. That does not mean we agree with the report, simply that we are not going to call him as a witness.
“THE COURT: Very well. Now the announcement that the defense does not intend to produce any ... call any witnesses to establish any mitigating circumstances, the court has before it all matters during the course of the trial, heard the testimony relating to the aggravating circumstances and also some mitigating circumstances ...”
Thereafter, the court requested each side to submit proposed findings of fact, conclusions of law and briefs. Both the petitioner and the State having submitted their briefs and findings and conclusions, the court held a second hearing on July 10, 1978.
At the beginning of the July 10 hearing, the trial judge submitted to petitioner’s counsel and State counsel his findings and conclusions and thereafter counsel for petitioner read into the record a prepared statement in mitigation. With this record before us, we cannot fault the trial court in the sentencing of petitioner. Petitioner, at the first hearing, did not testify in mitigation, declined to examine the officer who prepared the presentence report, and was given an opportunity to submit both further briefs on the sentencing and his proposed findings and conclusions. To now allege that he was denied due process and an opportunity to present his argument is without merit.
Here the trial court was faced with some forty-nine separate claims for relief. While Carter v. Illinois (1946), 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172, holds that states are free to devise their own systems of review of criminal cases, the system, as illustrated in this case, now allows petitioner two appeals, a result not contemplated by the legislature. The July 10 hearing indicates that the trial judge, in pronouncing sentence, stated:
“In pronouncing sentence I do want the parties to know that this is extremely agonizing for the court to make. I have not looked at the points that have been raised lightly, but many of the arguments *442 raised by the defense, of course have been considered heretofore, and the jury has found from the factual standpoint that the defendant was guilty, beyond a reasonable doubt, and I do not disagree with that conclusion of the jury. One mitigating circumstance is that the defendant has not prior to this time been convicted of any felony, but in view of the enormity of the crime committed, and the court’s feeling that this one circumstance does not overcome the aggravated circumstances, I have made to the effect, written findings as required by law. Also I have made conclusions and judgment which have been furnished to the defendant and the state at this time, and I will only at this time read the court’s conclusions and judgment.”
The sentence and judgment are affirmed. The District Court is directed to schedule a new date for execution.
CHIEF JUSTICE HASWELL and JUSTICE WEBER and W. W. LESSLEY, District Judge, sitting for JUSTICE SHEEHY, concur.