MR. JUSTICE MORRISON,
dissenting.
I respectfully dissent from the majority opinion.
Coleman filed a verified petition for Writ of Habeas Corpus in which he alleges that “because the sentencing judge received and must have considered this information of which Coleman and his counsel had no knowledge nor opportunity to confront, deny or explain,” Coleman was denied his rights to a fair tribunal, to confront witnesses, and to have effective assistance of counsel at sentencing. The State has filed no pleading nor affidavit controverting the allegations of the petition. For purposes of review we must assume as true that the sentencing judge received and must have considered Coleman’s sodium amytal-induced statements in rendering his death sentence. Since it is admitted that the trial court must have considered the information, resentencing is required.
I herein incorporate by reference my entire dissent filed in Coleman v. State of Montana, 38 St.Rep. 1352, 633 P.2d 624. In that dissent I quoted the following statement of the trial court, made in response to a defense motion for directed verdict in favor of defendant:
“THE COURT: Well, I treat this as a real serious motion.
“MR. OVERFELT: In what regard?
“THE COURT: Well, I am not going to grant the motion, but I say it has some merit.
“MR. OVERFELT: I frankly don’t think it has any. We *253 could have gotten to the jury on circumstantial evidence alone, your honor, and I’m confident of that.
“THE COURT: Well, all you have shown is the opportunity for this black boy to do it. You have shown plenty of opportunity.”
At this juncture in the trial the accomplice, Robert Nank, had testified. His testimony was not corroborated. The court, by its remarks, obviously did not believe Nank. Nank testified that Coleman was an active participant in the crime and in fact was the prime moving force. The court noted that the prosecution had proven nothing but opportunity.
The transcript, as I have quoted it in my previous dissent, demonstrates vividly why the trial court felt that only opportunity had been proven. Nank’s testimony was incredible. During that testimony he admitted that he had previously lied on many occasions in reporting the facts surrounding this incident.
Curiously, when the trial court made its findings in support of the death penalty, the trial court said:
“e. that the defendant was not a relatively minor accomplice, nor was his participation in the offenses relatively minor, rather that the defendant was the decision maker and the dominating influence in the criminal acts committed against the victim;”
The above-quoted finding forms the basis for imposition of the death sentence. This finding can only find support in Nank’s testimony. The trial judge, being a reasonable person, could not have found this highly incredible evidence to be persuasive in proving Coleman to have been the prime moving force in the commission of the crime.
The circumstances surrounding the sentencing are suspicious, to say the least. There is every indication that the trial judge did in fact consider the results of the sodium amytal test allegedly implicating Coleman in this crime. Of course any experienced criminal defense lawyer would have known that such tests are totally unreliable and could not *254 form a reasonable basis for the damaging admissions counsel made to the court prior to withdrawal of representation.
We are here confronted with a record that should leave no choice for the majority. We have an unrebutted allegation, under oath, that the court must have relied upon the results of the sodium amytal test. We have a finding by the court that Coleman was the “decision maker and the dominating influence” in the criminal acts committed. There is no basis for this in the transcript except for the highly incredible testimony of Nank, an admitted liar. Under these circumstances we are required to order a resentencing.
I would remand for resentencing before a different district judge.
MR. JUSTICE DALY concurs.
MR. JUSTICE SHEA will file a separate opinion later.