No. 91-636

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE ESTATE OF
ROBERT JOHN ALLEN, Decedent

PATRICK JAMES CAMPBELL,

       Plaintiff and Appellant,

  v.

WENDY RAE ALLEN, Personal
Representative of the Estate
of Robert John Allen, Deceased,

       Defendant and Respondent.

APPEAL FROM:   District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Patrick James Campbell, Pro Se,
              Deer Lodge, Montana

       For Respondent:

              Douglas G. Skjelset, Skjelset Law Offices,
              Missoula, Montana

FILED

DEC 15 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   June 11, 1992

Decided:   December 15, 1992

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Patrick James Campbell brought a claim against the estate of Robert John Allen. The personal representative of the estate disallowed the claim. Appellant then brought a petition in the District Court of the Third Judicial District, Powell County, seeking allowance of the claim. The District Court granted the motion of the personal representative to disallow the claim on the basis that the claim was not presented to the estate within the statutorily prescribed time period for bringing claims. We affirm.

The only issue before this Court is whether the District Court erred in determining that appellant's claim against the estate is barred for failure to comply with the statutorily prescribed time period for filing claims.

Robert John Allen died on April 25, 1990. Wendy Rae Allen, the widow of the decedent, was appointed personal representative of the estate on May 8, 1990. Following her appointment, the personal representative ran a notice to creditors in a Powell County newspaper for three weeks, beginning on May 17, 1990. The notice stated that creditors of the estate had four months from the time of the notice in which to bring their claims against the estate. The four month period to bring claims ended on September 16, 1990.

Appellant filed a claim against the estate of Robert John Allen on January 16, 1991. Pursuant to § 72-3-514, MCA, appellant had previously requested that bond be required of the personal representative. Appellant brought the claim in connection with

2

injuries appellant allegedly sustained while a prisoner at the Montana State Prison in Deer Lodge. Appellant alleged these injuries occurred on April 20, 1987, as a result of the negligent supervision of the decedent who at the time was a guard at the prison. The personal representative disallowed the claim by filing a notice of disallowance on January 23, 1991. On March 13, 1991, appellant submitted, pursuant to § 72-3-805, MCA, a petition in the District Court seeking allowance of the claim against the estate of Robert John Allen and requesting a jury trial. On April 18, 1991, the personal representative filed a motion to dismiss any petition appellant might file seeking allowance of the claim. The District Court returned the petition to appellant on the basis that the documents simply duplicated the earlier statement of claims by appellant. By order of May 7, 1991, this Court stated that regardless of the timeliness of appellant's initial claim against the estate, the District Court must accept and file appellant's petition for allowance pursuant to § 72-3-805, MCA. Whether appellant's initial claim was timely or meritorious were issues to be decided by the District Court after receipt of appellant's petition for allowance, and were not the basis upon which the petition should be accepted or rejected.

On October 31, 1991, the District Court granted the prior motion of the personal representative that appellant's claim be disallowed, concluding that the claim was untimely pursuant to § 72-3-801, MCA. In light of the determination that appellant was

3

not a creditor of the estate, the District Court concluded that appellant lacked standing to request bond. This appeal followed.

The only issue before this Court is whether the District Court erred in determining that appellant's claim against the estate is barred for failure to comply with the statutorily prescribed time period for filing claims.

The issue before this Court requires a review of a conclusion of law made by the District Court. Concerning this Court's review of conclusions of law made by a lower court we have stated that "[w]e are not bound by the lower court's conclusions and remain free to reach our own." Schaub v. Vita Rich Dairy (1989), 236 Mont. 389, 391, 770 P.2d 522, 523. The basis for simply determining if the lower court's conclusions are correct is that there is no discretion in determining a question of law. The lower court either correctly or incorrectly applies the law. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 803 P.2d 601.

Appellant's claim against the estate is in tort. The incident from which appellant contends the claim arose occurred on April 20, 1987. The statute of limitations for bringing an action in tort is three years. Section 27-2-204, MCA. Under usual circumstances, the statute of limitations for appellant to bring his action in tort would have run on April 20, 1990. However, § 27-2-401, MCA, extends the period of limitations for persons under a disability. Section 27-2-401, MCA, provides in part that:

> (1) If a person entitled to bring an action mentioned in part 2, except 27-2-211(3), is, at the time the cause of action accrues, either a minor, seriously

4

mentally ill, or imprisoned on a criminal charge or under a sentence for a term less than for life, the time of such disability is not a part of the time limited for commencing the action. However, the time so limited cannot be extended more than 5 years by any such disability except minority.

At the time appellant's cause of action accrued on April 20, 1987, appellant was a prisoner at the Montana State Prison. Appellant has been incarcerated continuously since April 20, 1987. The District Court was correct in concluding that appellant's statutory disability extended the time period for bringing the tort action. However, § 27-2-401, MCA, which extends the statute of limitations for persons under a disability only applies to "a person entitled to bring to bring an action mentioned in part 2." The legislature has specifically provided for a different statute of limitations for bringing claims against an estate. Section 72-3-803, MCA, provides in part that:

(1) All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented within the earlier of the following time limitations:

(a) within 1 year after the decedent's death; or

(b) within the time provided by 72-3-801(2) for creditors who are given notice and within the time provided in 72-3-801(1) for all creditors barred by publication.

Section 72-3-801, MCA, provides for a four month period in which creditors may file claims after notice is published by the

5

personal representative. Section 72-3-803, MCA, clearly applies to all claims against the estate, even if the statute of limitations has not run against the claim pursuant to the general period of limitations found in Title 27, Chapter 2, Part 2, MCA. Appellant did not present his claim against the estate within four months of the publication of notice to creditors by the personal representative.

In finding that the appellant's claim was barred by the statute of limitations, the District Court summarized the applicable law stating that:

> The ordinary statute of limitations on [appellant's] alleged tort claim is three years (27-2-204, MCA), and he commenced no action during that time, so his claim would ordinarily be barred. However, section 27-2-401 extends this for up to five years because [appellant] is imprisoned. However, section 72-3-801 requires that a claim against a deceased person must be filed within four months from the date of the first publication of notice to creditors, which constitutes a special statute of limitations as to decedents, and there is no extension provided by law for this even for persons having a statutory "disability."

We hold that the District Court's analysis and application of the law was correct and that appellant is barred from bringing his claim against the estate by the applicable statute of limitations found at § 72-3-803, MCA.

Affirmed.

_____
Justice

6

We concur:

_John Conway Harrison_

_Karla M. Gray_

_R. C. McDonough_

_____
Justices

7

Justice Terry N. Trieweiler specially concurring.

I concur with the result of the majority opinion. I do not agree with all that is said therein.

Specifically, I do not agree that the District Court's "analysis and application of the law was correct."

Section 27-2-401, MCA, tolls the statutes of limitation which apply to the commencement of actions. Commencement of an action implies formal filing in a court of law. As defined in Blacks Law Dictionary, an action is "[t]he legal and formal demand of one's right from another person or party made and insisted on in a court of justice." Blacks Law Dictionary 46 (4th ed. 1968).

In this case, the petitioner failed to file a timely creditor's claim with the personal representative of the estate. Had he done so, I conclude that the time within which he could have filed his claim in District Court would have been tolled by § 27-2-401, MCA. However, the tolling statute does not pertain to claims against estates. Therefore, I concur in the majority's opinion which affirms the judgment of the District Court.

_____
Justice

8

December 15, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Patrick James Campbell
700 Conley Lake Rd.
Deer Lodge, MT   59722


Douglas G. Skjelset
Attorney at Law
P.O. Box 4102
Missoula, MT   59806


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy