# ALTON EUGENE WALKER, Petitioner,

## v.

# JACK McCORMICK, Warden, Montana State Prison, Respondent.

No. 93-276.
Dated August 31, 1993.
50 St.Rep. 1053.
260 Mont. 301.
858 P.2d 373.

## ORDER

Petitioner Alton Eugene Walker (Walker), pro se, has petitioned this Court for a writ of habeas corpus. Walker alleges that he was improperly extradited to Ohio to stand trial on a charge of aggravated murder and requests that this Court overturn the Ohio conviction or, alternatively, dismiss the detainer against him.

On June 13, 1989, Walker was sentenced to thirty years in the Montana State Prison for felony assault and aggravated assault. Walker was transported to the Montana State Prison on July 26, 1989. Walker was then extradited to Ohio on September 15, 1989 where, on January 2, 1990, he was tried and convicted of aggravated murder. On January 8, 1990, Walker was sentenced to life imprisonment on the aggravated murder conviction. Ohio placed a detainer on Walker, and he was then returned to Montana to serve his assault sentences. Walker has previously petitioned the district court for post-conviction relief and the district court's denial is currently on appeal before this Court. *Walker v. State*, Cause No. 93-200 (post-conviction proceedings).

Walker's extradition claims were addressed and dismissed by the district court in the post-conviction proceedings, and Walker has not challenged the district court's dismissal of those claims. If the petitioner has had the opportunity to file a post-conviction procedure, the doctrine of res judicata applies to post-conviction proceedings to bar the rehearing of claims previously considered and denied. *Coleman v. State* (1981), 194 Mont. 428, 438, 633 P.2d 624, 631. Here, Walker challenged his extradition to Ohio in the post-conviction proceeding. His request for relief on the extradition issue was denied, and he did not challenge that issue on his appeal pending before this Court. Therefore, Walker is barred by the doctrine of res judicata from raising that issue in his application for a writ of habeas corpus.

Walker also alleges that Ohio failed to comply with the speedy trial provisions of the Interstate Agreement on Detainers (IAD), found at §§ 46-31-101, et seq., MCA. For that reason, Walker requests that this Court overturn the Ohio conviction or, alternatively, dismiss the detainer against him.

This Court has no jurisdiction under the IAD to overturn the Ohio conviction. Only the court of the jurisdiction where the indictment was filed has the authority to dismiss the indictment upon which a detainer is based. See: *Blakey v. District Court* (1988), 232 Mont. 178, 755 P.2d 1380. In addition, all the extradition issues raised by Walker are moot, because he has already been transported to Ohio and tried there. After Walker was placed in the custody of Ohio, the legality of that extradition cannot be challenged. *State v. Kingery* (1989), 239 Mont. 160, 163, 779 P.2d 495, 497.

Walker has requested alternative relief in the form of a dismissal of the Ohio detainer, for Ohio's alleged failure to comply with the speedy trial requirement of the IAD. Under Article III of the IAD, Ohio must bring Walker to trial within 180 days after Walker invoked his right to a speedy trial. Section 46-31-101, Art. 111(1), MCA. Walker contends that he requested final disposition (speedy trial) on June 5, 1989, and that his trial on January 2, 1990, was 211 days after that date. However, Walker has misinterpreted the speedy trial requirement of the IAD.

Article III of the IAD states that "[w]henever a person has entered upon a term of imprisonment in a penal or correctional institution . . he shall be brought to trial within 180 days after he [requests a final disposition]." Section 46-31-101, Art. 111(1), MCA. Here, the 180 day time period did not begin to run until Walker "entered upon a term of imprisonment" in the Montana State Prison.

Walker's prison term began on July 26, 1993. His trial on January 2, 1990, was well within the 180 day time period required under the IAD.

For the foregoing reasons, Walker's petition for a writ of habeas corpus should be and is hereby DENIED.

IT IS HEREBY FURTHER ORDERED that the Clerk of this Court serve counsel for the Respondent and Walker, pro se, by mail with a copy of this Order.

Dated this 31st day of August, 1993.

> JOHN CONWAY HARRISON, Justice
> KARLA M. GRAY, Justice
> WILLIAM E. HUNT, SR., Justice
> TERRY TRIEWEILER, Justice
> JAMES NELSON, Justice
> FRED J. WEBER, Justice