IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 96-258

BRETT D. BYERS,

    Petitioner,

v.

MIKE MAHONEY, Warden,
Montana State Prison,

    Respondent.

FILED

JUL 16 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

O P I N I O N
and
O R D E R

Brett D. Byers has filed a petition for post-conviction relief pursuant to § 46-21-105, MCA, asking this Court to vacate his conviction on two counts of deliberate homicide as entered by the Eighteenth Judicial District Court, Gallatin County. This petition is based on the allegation that this Court has reversed its position on the constitutionality of two sets of jury instructions regarding the mental element of the offense of deliberate homicide since the issue was raised on appeal in State v. Byers (1993), 261 Mont. 17, 861 P.2d 860.

Byers was charged with two counts of deliberate homicide, pursuant to § 45-5-102, MCA, for the shooting deaths of two college students on May 15, 1990. He was found guilty on both counts by a jury. Byers appealed his conviction which was affirmed. Byers, 861 P.2d 860. Byers' writ of certiorari was denied by the United States Supreme Court in Byers v. Montana (1994), 114 S. Ct. 1380, 128 L. Ed. 2d 55.

Byers first argues that his objections to the jury instructions defining purposely and knowingly, raised by him on appeal and rejected by this Court, have since been overruled by State v. Rothacher (1995), 272 Mont. 303, 310, 901 P.2d 82, 87. The set of instructions at issue defined purposely and knowingly in the following manner:

1.   State's Proposed Instruction 26:   A person acts purposely when it is his conscious object to engage in conduct of that nature or to cause such a result.

2.   State's Proposed Instruction 27:   A person acts knowingly when he is aware of his conduct or when he is aware that it is highly probable that a result will be caused by his conduct.

Byers further argues that his objection to the instruction on voluntary intoxication has also been overruled by this Court's decision in State v. Egelhoff (1995), 272 Mont. 114, 900 P.2d 260. That instruction read as follows:

A person who is in an intoxicated condition is criminally responsible for his conduct, and an intoxicated condition is not a defense to any offense and may not be taken into consideration in determining the existence of a mental state which is an element of the offense unless the defendant proves he did not know that it was an intoxicating substance when he consumed the substance causing the condition.

Therefore, Byers asks this Court to grant his petition for post-conviction relief on the basis that there has been a substantial change in the applicable law, relying on our holding in Coleman v. State (1981), 194 Mont. 428, 633 P.2d 624, for this assertion.

The State argues that Byers' claims are barred by the doctrine of res judicata because they were raised and resolved in his direct appeal.  Section 46-21-101, MCA, provides that the validity of a sentence may be subject to collateral attack upon any ground of alleged error available under a writ of habeas corpus.  We have previously held that a post-conviction court may consider matters which have been previously addressed and determined adversely to a prisoner on direct appeal where there has been a substantial change in the applicable law.  Coleman, 633 P.2d at 631.

This Court did effect a substantial change in the applicable law by our holding in Rothacher, 901 P.2d at 86-87.  In that case we addressed a similar set of jury instructions.  By reexamining the line of decisions, which defined purposely and knowingly in an analogous manner as the present case, we determined that our prior

2

construction of the required state of mind to establish deliberate homicide had been misapplied. We concluded that the district court erred when it instructed the jury that the State merely needed to prove that Rothacher acted purposely, without regard to the result that he intended. Rothacher, 901 P.2d at 86.

The State argues that Rothacher is distinguishable from this case. We disagree. The jury instruction given in Byers defining purposely allowed the jury to consider only if Byers' conscious object was to engage in that conduct or to cause such a result. The instruction defined knowingly as being aware of his conduct or aware that it was highly probable that a result would be caused by his conduct. These instructions only required the State to prove that Byers acted purposely, without regard to the result that he intended. We explicitly held that Byers was overruled to the extent that it was inconsistent with our holding in Rothacher. Rothacher, 901 P.2d at 87. It is clear that our previous determination that the set of jury instructions defining purposely and knowingly in Byers was constitutional was overruled by our decision in Rothacher, 901 P.2d at 87. A substantial change in the applicable law was effected. Pursuant to our holding in Coleman, although this issue had been addressed and determined adversely to Byers on direct appeal, we may nevertheless consider this matter as a substantial change in the law has occurred. Therefore, the doctrine of res judicata does not bar this claim.

The State goes on to argue that this change is a new rule of law and therefore it is inapplicable to this case under the United States Supreme Court's analysis of retroactive application of judicial decisions to cases on collateral review as set forth in Teague v. Lane (1989), 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334. Under Teague, the U.S. Supreme Court held that a new rule will not be applied to cases coming before the Court on federal habeas (collateral) review after the date of the decision. Teague defined a "new rule" as a rule in which the result was not dictated by precedent at the time the defendant's conviction became final. Teague, 109 S. Ct. at 1070. Our analysis in Rothacher was explicit

3

in that we did not announce a new rule of law but corrected a line of decisions which had misapplied the correct state of mind required to establish deliberate or mitigated deliberate homicide. Rothacher, 901 P.2d at 86. We therefore hold that Byers' claim as to the set of jury instructions defining purposely and knowingly is not barred by the U.S. Supreme Court's holding in Teague, and the change in applicable law may be applied to Byers' claim.

Our conclusion that Rothacher did overrule our holding in Byers, as to the constitutionality of the set of jury instructions defining purposely and knowingly, does not complete our analysis. A district court judgment will not be reversed for error which is harmless. Section 46-20-104, MCA. When reviewing an instructional error to determine if that error was harmless we have held that the case must be reviewed as a whole, rather than by examining one component at a time. State v. McKenzie (1980), 186 Mont. 481, 608 P.2d 428.

In Rothacher, we held that although the jury was improperly instructed, the error was harmless beyond a reasonable doubt. As in Rothacher, the potential prejudice in this case resulting from the instructional error would be where the defendant acted purposefully but intended no harm. The facts of Byers are even more compelling than those of Rothacher. The facts in this case clearly show that Byers intended to cause harm to his victims when he fired his shotgun directly at them. We conclude that after a review of the record in whole and of the specific facts that the instructional error was harmless. Rothacher, 901 P.2d at 88.

Byers next argues that the voluntary intoxication instruction given by the District Court was err, citing this Court's decision in Egelhoff. The voluntary intoxication instruction given in this case was held to be unconstitutional in Egelhoff because it reduced the State's burden of proof as to the mental element of the offense. This ruling, however, has since been overturned by the United States Supreme Court in Montana v. Egelhoff (June 13, 1996), 64 U.S.L.W. 4500 (No. 95-566). Therefore, as a result of this

4

recent reversal there has been no substantial change in the applicable law since our decision in <u>Byers</u>.

Byers urges this Court to reaffirm our decision in <u>Egelhoff</u> on adequate and independent state grounds. We have stated that we will not "march lock-step" with the United States Supreme Court where constitutional issues are concerned, even if the applicable state constitution provisions are identical or nearly identical to those of the United States Constitution. State v. Johnson (1986), 221 Mont. 503, 512, 719 P.2d 1248, 1254.

However, in <u>Egelhoff</u> we specifically addressed whether that holding should be applied retroactively to cases on collateral review after the issuance of that opinion. We determined that <u>Egelhoff</u> had established a "new rule" under the <u>Teague</u> criteria and specifically held that our decision would not apply retroactively to cases on collateral review after the date of the opinion. <u>Egelhoff</u>, 900 P.2d at 267. This determination would not change, even if the issues in <u>Egelhoff</u> were reaffirmed under state constitutional grounds. We therefore determine that it is not appropriate under the circumstances for this Court to review <u>Egelhoff</u> on state constitutional grounds. Although we have declined to readdress <u>Egelhoff</u> at this time, this does not preclude our review of <u>Egelhoff</u> on adequate and independent state grounds under the appropriate circumstances. The relief Byers seeks on the issue of the voluntary intoxication instruction based only on <u>Egelhoff</u> therefore must be denied.

The Court having considered fully the matter before it,

IT IS HEREBY ORDERED that Byers' petition for post-conviction relief is DISMISSED.

The Clerk is directed to mail a copy of this Order to all counsel of record, and to the Clerk of Court for the Eighteenth Judicial District Court.

DATED this 16th day of July, 1996.

Chief Justice

5

_____

_____

_____
Justices

Justice James C. Nelson concurs in the foregoing Opinion and Order.


Justices Hunt and Trieweiler concur in that part of the opinion and order which relates to <u>Rothacher</u>, but would reconsider the issues raised in <u>Egelhoff</u> on state constitutional grounds consistent with their concurring and dissenting opinion in <u>Egelhoff</u>.

_____

_____
Justices

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Wendy Holton
Attorney at Law
7 W. 6th Ave., Ste. 4-K
Helena, MT  59601

Hon. Joseph P. Mazurek, Attorney General
Barbara Harris, Assistant
215 N. Sanders
Helena, MT  59620

Mike Salvagni
County Attorney
615 S. 16th St.
Bozeman, MT  59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy