No. 00-402

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 254

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ALAN M. PLACZKIEWICZ,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William Boggs, Missoula, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Montana Attorney General, Helena, Montana; Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs: April 5, 2001

Decided: December 11, 2001

Filed:

______________________________________________

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Alan M. Placzkiewicz (Alan), by counsel, appeals from the District Court's February 2, 2000 order denying his request to file a petition for postconviction relief. The sole issue which we consider is whether the District Court properly concluded that postconviction relief was time-barred. We hold that, as a matter of law, the trial court's decision was correct. Accordingly, we affirm.

***Background***

¶2 On July 23, 1992, Alan was sentenced on his plea of guilty to felony arson to serve 20 years in the Montana State Prison, with 15 years suspended on various conditions. Alan was later released from prison to begin serving the suspended portion of his sentence. On February 8, 1995, as a result of a petition filed by the Missoula County Attorney, the District Court revoked Alan's suspended sentence and ordered him to serve 15 years at the Montana State Prison with all time suspended on conditions.

¶3 On February 13, 1995, the Missoula County Attorney again petitioned to revoke Alan's suspended sentence. The District Court granted this petition on February 27, 1995. In this second revocation proceeding, the court imposed a term of 15 years in the Montana State Prison, with 10 years suspended on various conditions. Alan was later released from prison to begin serving the suspended portion of this sentence.

¶4 In February 1998, the Missoula County Attorney's office once again filed a petition to revoke Alan's suspended sentence for violating the rules of his probation. For a third time the District court revoked Alan's suspended sentence and, this time, required him to serve 10 years in the Montana State Prison, with all but three days suspended on various terms

and conditions. Two months later, on April 9, 1998, and for a fourth time, the Missoula County Attorney petitioned to revoke Alan's suspended sentence. This petition culminated with the District Court issuing a judgment sentencing Alan to a term of 10 years in the Montana State Prison with no time suspended. This sentence was affirmed by the Sentence Review Division on September 1, 1998.

¶5 The record reflects that Alan then filed various *pro se* documents with the District Court attempting to obtain other documents and discovery. As a result, the District Court requested the Missoula County Public Defender's Office to represent Alan. However, because of a conflict the Public Defender referred Alan's case to William Boggs, Alan's present counsel.

¶6 On October 18, 1999, Boggs filed a "Request for Hearing on Post-Judgment Representation" indicating that Alan wanted to "challenge his original 1992 conviction by way of a petition for post-conviction relief, alleging ineffective assistance of then-appointed counsel . . . ." In this request for hearing, Boggs expressed several concerns, one of which was that Alan's postconviction petition would be time-barred under § 46-21-102, MCA (1991).

¶7 Following a hearing on his request, the District Court authorized Boggs to file a brief on the statute of limitations issue without filing a postconviction petition. Subsequently, Boggs filed his memorandum of law on December 23, 1999, arguing that the statute of limitations should be tolled. The State responded, and on February 2, 2000, the District Court entered its order denying Alan's request to file a petition for postconviction relief on the basis that such a petition would be time-barred. Alan timely appealed.

¶8 We conclude that the District Court's decision was correct and, therefore, must be affirmed.

### ***Discussion***

¶9 *Was Alan time-barred from seeking postconviction relief?*

¶10 This Court reviews a district court's denial of postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

¶11 In its decision, the trial court noted that Alan and the State both agreed that under § 46-21-102, MCA (1991), Alan had five years from the date of his conviction within which to petition for postconviction relief. There is no question that Alan did not comply with this requirement. Nonetheless, Alan argues that his petition was not time-barred because the tolling provision for civil proceedings set out in § 27-2-401(1), MCA (1991), controls, rather than the specific postconviction relief statute of limitations set out in § 46-21-102, MCA (1991). This tolling period, according to Alan, would include the months of his incarceration plus the five year limitations period under § 46-21-102, MCA (1991).

¶12 At the outset, while we have held that the statutory time-bar may be waived when there is a clear miscarriage of justice, this exception does not apply unless the petitioner provides newly discovered evidence that demonstrates his actual innocence. *State v. Wells*, 2001 MT 55, ¶¶ 10-11, 304 Mont. 329, ¶¶ 10-11, 21 P.3d 610, ¶¶ 10-11; *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7; *State v. Nichols*, 1999 MT 212, ¶ 20, 295 Mont. 489, ¶ 20, 986 P.2d 1093, ¶ 20; *State v. Redcrow*, 1999 MT 95, ¶¶ 33-34, 37, 294 Mont. 252, ¶ 33-34, 37, 980 P.2d 622, ¶¶ 33-34, 37. Here, Alan has not asserted much less shown, that he is actually innocent of the offense of arson of which he was convicted. Accordingly, he has failed to satisfy the miscarriage of justice exception to the five-year time-bar.

¶13 Nonetheless, as noted by the District Court, Alan argues that this statute of limitations should be tolled because he was incarcerated for most of the time since his original conviction. Alan's argument is premised on the civil tolling provisions of § 27-2-401(1), MCA (1991). This statute provides[(1)]:

> **When person entitled to bring action is under a disability.** (1) If a person entitled to bring an action mentioned in part 2, except 27-2-211(3), is, at the time the cause of action accrues, either a minor, seriously mentally ill, or imprisoned on a criminal charge or under a sentence for a term less than for life, the time of such disability is not a part of the time limited for commencing the action. However, the time so limited cannot be extended more than 5 years by any such disability except minority.

¶14 Based on this statute, Alan contends that, assuming his ineffective assistance of counsel claim accrued at the earliest on July 23, 1992[(2)] (the date of sentencing), then the maximum time limitation on his action for postconviction relief would be ten years from that accrual, or July 23, 2002 (the five-year period of limitation plus the maximum five-

year tolling period). Alan argues that this conclusion follows from the fact that postconviction proceedings are civil in nature. *See Coleman v. State* (1981), 194 Mont. 428, 433, 633 P.2d 624, 627, *cert. denied*, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 693 (1982) (holding that the Montana postconviction procedure is civil in nature and independent of the underlying criminal cause).

¶15 The State disagrees, arguing that § 27-2-401(1), MCA (1991), has no application to postconviction proceedings. First, the State argues that this statute only applies to persons "entitled to bring an action mentioned in part 2." Part two sets forth the statute of limitations periods for certain actions including: actions upon judgments (§ 27-2-201, MCA); actions based on contract or other obligations (§ 27-2-202, MCA); actions for relief on grounds of fraud or mistake (§ 27-2-203, MCA); tort actions for general and personal injury (§ 27-2-204, MCA); actions for medical malpractice (§ 27-2-205, MCA); actions for legal malpractice (§ 27-2-206, MCA); actions for injuries involving property (§ 27-2-207, MCA); actions for damages arising out of work on improvements to real property (§ 27-2-208, MCA); actions against local government and local government officials (§ 27-2-209, MCA); actions arising from the seizure or sale of property for taxes (§ 27-2-210, MCA); actions to enforce a penalty or forfeiture or other statutory liability (§ 27-2-211, MCA); actions arising from wrongful removal or exclusion from office (§ 27-2-212, MCA); actions against banks (§ 27-2-213, MCA); actions for mesne profits of real property (§ 27-2-214, MCA); and tort actions for childhood sexual abuse (§ 27-2-216, MCA).

¶16 The State argues that there is no specific mention of postconviction relief in part two of Title 27, Chapter 2, and that while there is a catch-all statute of limitations of five years for all other actions not specifically mentioned in part two, postconviction relief cannot be one of those actions because it has its own statute of limitations codified at § 46-21-102, MCA. We agree.

¶17 We have held that where the Legislature provides for a specific statute of limitations outside of Title 27, Chapter 2, Part 2, the statutory tolling provisions of § 27-2-401(1), MCA, do not apply. *See In re Estate of Allen* (1992), 255 Mont. 469, 472-73, 843 P.2d 781, 783-84 (holding that § 72-3-801, MCA, which requires that a claim against a decedent's estate must be filed within four months from day of first publication of notice to creditors constitutes a special statute of limitations as to decedents, with respect to which there is no extension under § 27-2-401, MCA, even for a person having a statutory

"disability"--in that case, incarceration at Montana State Prison).

¶18 Moreover, we follow the rule that a particular legislative intent will control over a general one that is inconsistent with it. Section 1-2-102, MCA; *see also Weston v. Cole* (1988), 233 Mont. 61, 63, 758 P.2d 289, 291 (holding that the shorter two-year period for filing a particular tort action such as assault and battery, § 27-2-204(3), MCA, controls over the more general three-year statute of limitations for tort actions in § 27-2-204(1), MCA); and *Schuff v. A.T. Klemens & Son*, 2000 MT 357, ¶ 116, 303 Mont. 274, ¶ 116, 16 P.3d 1002, ¶ 116 (reciting and applying the general rules of statutory construction to include the rule that the specific governs the general).

¶19 With respect to postconviction proceedings, the Legislature has set forth a specific statute of limitations at § 46-21-102, MCA. That section, in 1991, required that a petition for postconviction relief be filed within five years of the date of conviction. We hold that the specific statute of limitations for postconviction proceedings provided in Title 46, Chapter 21, controls over other statutes of limitations and the tolling provisions relating to those. Accordingly, we reject Alan's argument that, by reason of his incarceration, § 27-2-401(1), MCA (1991), tolled his time to file for postconviction relief. At the time he sought to file his petition for postconviction relief relating to his July 1992 conviction, Alan was time-barred from doing so. The District Court was correct as a matter of law in its decision to that effect.

¶20 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

1. In 1995, § 27-2-401(1), MCA, was amended to, among other things, delete the words "or imprisoned on a criminal charge or under a sentence for a term less than for life." Sec.

1, Ch. 46, L.1995.

2. The sentencing hearing was held on July 23, 1992. The written judgment and sentence was filed July 31, 1992. For our purposes here, whether one date controls over the other is irrelevant.