VICTOR J. SIBERT, PLAINTIFF AND APPELLANT, *v.* COMMUNITY COLLEGE OF FLATHEAD COUNTY, MONTANA, DEFENDANT AND RESPONDENT.

No. 14030.
Submitted Sept. 19, 1978.
Decided Nov. 29, 1978.
587 P.2d 26.

Morrison & Jonkel, Missoula, Joan M. Jonkel, Missoula, argued, and Frank Morrison, Jr., argued, Missoula, Morrison & Hedman, Whitefish, for plaintiff and appellant.

Jurray, Donahue & Kaufman, Kalispell, John R. Gordon, argued, Kalispell, for defendant and respondent.

ROBERT HOLTER, District Judge, sitting in place of Mr. Justice Shea, delivered the opinion of the Court.

This is an appeal from a summary judgment of the District Court wherein it was determined appellant did not have continuing contract status (tenure) as the Manager of Services, Flathead Community College.

Appellant was initially hired in July, 1969, as the Manager of Services by the Community College District of Flathead County, Montana. The position of Manager of Services at all times herein was strictly administrative. Appellant was not required to perform any teaching duties not did the position require a teaching certificate. Respondent is a community college organized and existing under sections 75-8101 to 75-8122, R.C.M.1947.

All of the contracts under which appellant was employed beginning in July, 1969, and through the 1974-75 school year were identical in form except for salary and except that the time of said contracts was variously stated at 11 and 12 months. Each contained the phrase "all regulations and policies of the Board shall be accepted and regarded as a part of this contract". The Faculty Handbook published by respondent throughout the entire period of time of appellant's employment provides:

"All full-time professional faculty (defined in this document as teaching faculty and professional staff) except the president, shall become eligible to be placed on continuing contract status. Beginning with appointment, the probationary period shall not exceed

three (3) years, at which time he will be placed on tenure or be notified that he will not be appointed for the fifth year".

On May 13, 1975, a 12 month contract was signed between the parties which contains the new provision:

"This is a TENURED AGREEMENT as (sic) is made as part of a continuing appointment as Manager of Services. Rights and privileges of the BOARD and of the Manager of Services are in accordance with the TENURE POLICY in effect at the time of this AGREEMENT."

In March, 1976, respondent discontinued the position of Manager of Services and terminated appellant.

Appellant claims damages arising out of the failure of respondent to grant him continuing contract status (tenure) and for failure to continue such contract.

The only issue here is whether a community college can, by law or contract, grant tenure to any employee not holding a position requiring teacher certification.

Section 75-8101 et seq., R.C.M.1947, authorizes the creation of community college districts in this state. Section 85-8102 grants to that district the powers to:

". . . sue and be sued, and collect taxes with the limitations of the laws of Montana, and possess the same corporate powers as districts in this state, except as otherwise provided by law."

Section 75-6103, R.C.M.1947, defines the powers of school districts to grant tenure, thusly:

"Whenever a teacher has been elected by the offer and acceptance of a contract for the fourth consecutive year of employment by a district in a position requiring teacher certification except as a district superintendent, the teacher shall be deemed to be reelected from year to year thereafter as a tenure teacher at the same salary and in the same or a comparable position of employment as that provided by the last executed contract with such teacher . . ."

Section 75-6103 then would require (1) that the employee must be a teacher and (2) hold a position for which teacher certification is required.

Tenure for teachers is unique in public contracts of employment. It basis is academic freedom; freedom within the law to teach the truth and to stimulate the thinking of free men in a society without fear of reprisal. Its scope assures, with certain exceptions, both continuing employment and economic security. Our society has long since determined the desirability of teacher tenure and this state has enacted legislation to implement it as a public policy.

But there is no public need for such assurances to other school district employees. The statutory basis for hiring personnel such as appellant is found in section 75-5934, R.C.M. 1947.

"The trustees of any district shall have the power and it shall be its duty: 1) to employ and dismiss administrative personnel, clerks, secretaries, teacher aides, custodians, maintenance personnel, school bus drivers, food service personnel, nurses, and any other personnel deemed necessary to carry out the various services of the district . . ."

In the absence of a statute conferring authority to district trustees to grant tenure, such grant become ultra vires. In Montana ". . . A school district is a public corporation . . ., but with very limited powers. It may, through its board, exercise only such authority as is conferred by law, either expressly or by necessary implication." *Finley v. School Dist. No. 1* (1915), 51 Mont. 411, 415, 153 P.1010, 1011; *Abshire v. School District* (1950), 124 Mont. 244, 220 P.2d 1058. The school district is considered to be a public corporation and its board of trustees may exercise only those powers expressly conferred upon them by statute and such as are necessarily implied in the exercise of those expressly conferred. *McNair v. School District No. 1* (1930), 87 Mont. 423, 288 P. 188. As a public corporation the school district is a municipal or quasi-municipal body and the statute granting its power must be regarded both as a grant and a limitation upon the powers of the board. *State ex. rel. Bean v. Lyons* et al. (1908), 37 Mont. 354, 96 P. 922. All persons dealing with a school district are chargeable with notice of the limitations upon its power to contract.

We thus hold that a community college may not grant

continuing contract status (tenure) except to those persons specifically authorized to receive such status. Appellant is not one of such persons and the summary judgment of the District Court is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEEHY concur.