No. 88-22

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

LORINDA BECK,

Petitioner and Appellant,

-vs-

BOARD OF TRUSTEES, CASCADE COUNTY
SCHOOL DISTRICT NO. 1 and HIGH SCHOOL
DISTRICT A, and ED ARGENBRIGHT, SUPER-
INTENDENT OF PUBLIC INSTRUCTION,

Respondents.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Emilie Loring argued, Big Fork, Montana

For Respondent:

Waite, Schuster & Larson; Leslie S Waite, III argued,
Great Falls, Montana
Rick Bartos, Office of Public Instruction, Helena,
Montana

For Amicus Curiae:

Bruce W. Moerer, Mt. School Boards, Helena, Montana

Submitted: June 28, 1988

Decided: August 22, 1988

Filed: AUG 2 2 1988

*Ethel M. Harrison*

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal concerns a dispute over the renewal of appellant Beck's teaching contract with Cascade County School District (School District). Beck claimed tenure rights denied by the School District. The County Superintendent initially ruled in favor of Beck. The State Superintendent reversed, and the District Court affirmed the State Superintendent. Beck appeals this decision.

The School District cross-appeals the issue of whether Beck's collective bargaining agreement (CBA) is admissible. The County Superintendent and the State Superintendent agreed that the CBA was irrelevant, and excluded the document. The District Court reversed and allowed the CBA, but interpreted the CBA against Beck.

We reverse the District Court on the tenure issue, and remand for further proceedings. In regard to the admissibility of the CBA, we affirm the District Court in that we agree that the CBA is relevant. However, we hold that the proper remedy for the County Superintendent's exclusion of the CBA is to remand to the County Superintendent to consider the effect of the CBA on Beck's tenure rights.

The issue on appeal is whether the District Court abused its discretion in sustaining the decision of the State Superintendent of Public Instruction that appellant Beck was a nontenured teacher in 1985-86?

The issue on cross-appeal is whether the District Court erred in overruling the County Superintendent's decision that the CBA was inadmissible?

The relevant facts and procedure are as follows: Beck achieved tenure by teaching from 1980 to 1984. She was not rehired for the 1984-85 school year, but she was rehired for the 1985-86 school year.

Beck testified before the County Superintendent that at the end of the 1984 school year she was let go as part of a reduction in force (RIF). Beck also contended that she was recalled pursuant to her collective bargaining agreement when the School District rehired her in 1985. School District Representative Jerry Hatch testified that Beck's employment and tenure were terminated in 1984, and that she was simply reemployed, without tenure, for the 1985-86 school year.

In proceedings before the County Superintendent, Beck attempted to bolster the contention that she was a tenured teacher during the 1985-86 school year by pointing to the resolution of a grievance she had filed against the School District during the 1985-86 school year. In the grievance Beck had claimed she was entitled to reinstatement of her past sick leave and seniority, and the School Board had granted Beck's demands.

When Beck sought to testify on the grievance in the proceedings before the County Superintendent, the School District objected on relevancy grounds, and the County Superintendent allowed the testimony over the objection. However, when President of the Great Falls Education Association Terry Browning attempted to testify on the CBA and the grievance, the School District objected and the County Superintendent sustained the objection ruling that the agreement was irrelevant to the tenure issue.

In addition to the disagreements over the relevance and effect of the grievance and the CBA, the parties disagree on the proper interpretation of § 20-4-203, MCA. The County and

3

State Superintendents, as well as the District Court, also have differing views.

The County Superintendent concluded that § 20-4-203, MCA, controls the termination of the services of tenured teachers, but not the termination of tenure itself. The State Superintendent reversed holding that both tenure and services may be terminated pursuant to § 20-4-203, MCA, and that the method for termination prescribed by § 20-4-203, MCA, (the trustees vote to terminate), cannot be modified by contract. Thus, according to the State Superintendent, the CBA was irrelevant, and Beck waived her right to contest loss of tenure when she failed to object to her termination in 1984.

The District Court affirmed on different grounds. First, the District Court held the CBA relevant, and after analyzing the agreement, the lower court concluded that termination of Beck's tenure may be deduced from reading the CBA together with the letter noticing Beck that her services would not be needed for the 1984-85 school year. The lower court reasoned that because the CBA differentiated between non-renewal, and reduction in force (or layoff), and inasmuch as the letter noticing that the contract would not be renewed used the term non-renewal instead of reduction in force or layoff, Beck's tenure was terminated.

The District Court also analyzed the effect of § 20-4-203, MCA, on the issue of termination of tenure as opposed to termination of services. According to the District Court, Beck could not be deemed a tenured teacher in 1986 because tenured teachers are elected from year to year unless terminated. See § 20-4-203, MCA. Beck was not elected from year to year following the non-renewal of her contract, and thus she was not a tenured teacher.

4

Broadly speaking, "a contract made in violation of a statute is illegal, but the true rule seems to be that the question is one of legislative intent". 17 C.J.S. Contracts § 201 (1963). The School District contends that the State Superintendent correctly ruled that § 20-4-203, MCA, prohibits recall rights for tenured teachers terminated by vote of the trustees. We reject this interpretation of the statute.

This Court has previously stated that:

> Tenure for teachers is unique in public contracts of employment. Its basis is academic freedom; freedom within the law to teach the truth and to stimulate the thinking of free men in a free society without fear of reprisal. Its scope assures, with certain exceptions, both continuing employment and economic security. Our society has long since determined the desirability of teacher tenure and this state has enacted legislation to implement it as public policy.

Sibert v. Community College of Flathead County (1978), 179 Mont. 188, 191, 587 P.2d 26, 28. We hold here that given the policy of providing for tenure; i.e., academic freedom, continuing employment, and economic security, a school district may contract with a teacher's union to allow retention of tenure without violating the statute. Thus, the District Court correctly reversed the County Superintendent and the State Superintendent on the relevancy of the CBA.

After finding the CBA admissible, the District Court interpreted what it found to be the pertinent parts of the CBA. The parties had no real opportunity to argue the effect of the CBA. The parties had no real opportunity to submit what may be admissible evidence relating to the CBA. Under these circumstances, the District Court abused its discretion in not remanding the case to the County Superintendent.

5

Section 2-4-704, MCA. Thus, we remand to the County Superintendent for resolution of the issue of Beck's tenure rights.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

6