No. 00-526

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 181

IVAN SMALL,

Petitioner and Appellant,

v.

BOARD OF TRUSTEES, GLACIER COUNTY

SCHOOL DISTRICT NO. 9, BROWNING, MONTANA,

Respondent, Respondent and Cross-Appellant.

APPEAL FROM: District Court of the Ninth Judicial District,

In and for the County of Glacier,

The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Michael W. Dahlem, Attorney at Law, Whitefish, Montana

For Respondent:

Jeffrey M. Hindoien, Gough, Shanahan, Johnson & Waterman, Helena, Montana

Submitted on Briefs: April 12, 2001
Decided: August 31, 2001

Filed:

_____

Clerk


Justice Jim Regnier delivered the Opinion of the Court.

¶1 Ivan Small appeals from the order issued by the Ninth Judicial District Court, Glacier County, concluding that Small, as a tenured teacher, was entitled to statutory process before his employment was terminated but was not entitled to damages. The Board of Trustees of Glacier County School District No. 9 ("Board") cross-appeals. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

¶2 The parties raise two issues:

¶3 1. The Board contends that the District Court erred when it concluded that Small was a tenured teacher.

¶4 2. Small contends that the District Court erred when it denied his request for damages due to termination.

## BACKGROUND

¶5 On January 29, 1997, the Board voted to terminate Small's employment at the end of his then current employment contract. The Board's termination of his employment was made without a hearing or a determination of good cause. Small appealed the Board's termination to the Glacier County Superintendent of Schools. Small contended that he had been continuously employed by the School District since 1987 in a position requiring teacher certification and, as such, he was a tenured teacher whose employment could only be terminated in accordance with §§ 20-4-204 and -207, MCA. The parties filed a stipulation of facts and cross-motions for summary judgment. On September 5, 1997, the Glacier County Superintendent of Schools issued its Decision and Order holding that as an "Assistant Superintendent," Small was not a tenured teacher. On September 12, 1997, Small filed a Notice of Appeal with the State Superintendent of Public Instruction, who affirmed the decision of the Glacier County Superintendent.

¶6 Small filed a Petition for Judicial Review with the Ninth Judicial District Court, Glacier

County. On April 19, 2000, the District Court issued an order reversing the decision of the State Superintendent. The court concluded that the State Superintendent had erred as a matter of law when it held that Small was not a "tenured teacher" pursuant to § 20-4-203, MCA. The court denied Small's request for damages, concluding that the issue of damages was premature, and remanded the case to the Board with instructions that the Board provide Small with the termination process provided in § 20-4-204, MCA. Small appeals from the District Court's determination that the issue of damages was premature. The Board cross-appeals from the District Court's determination that Small was a tenured teacher.

## STANDARD OF REVIEW

¶7 We review findings of fact in administrative cases to determine whether the findings are clearly erroneous; we review conclusions of law to determine whether they are correct. *Baldridge v. Board of Trustees, Rosebud County School Dist. No. 19, Colstrip, Mont.* (1997), 287 Mont. 53, 58, 951 P.2d 1343, 1346.

## ISSUE ONE

¶8 Did the District Court err when it concluded that Small was a tenured teacher?

¶9 The District Court concluded that because Small held a valid Montana teacher certificate, was employed by the school district in a position requiring teacher certification, had been offered and had accepted an employment contract with the district for at least four consecutive years, and was not employed as a district superintendent, Small had acquired teacher tenure.

¶10 Montana's teacher tenure statute, § 20-4-203, MCA, provides in relevant part:

> [W]henever a teacher has been elected by the offer and acceptance of a contract for the fourth consecutive year of employment by a district in a position requiring teacher certification except as a district superintendent or specialist, the teacher is considered to be reelected from year to year as a tenured teacher . . . unless the trustees resolve by a majority vote of their membership to terminate the services of the teacher in accordance with the provisions of 20-4-204.

¶11 The Board makes two separate arguments in support of the proposition that Small is

not entitled to tenure pursuant to this statute. First, the Board contends that the statute expressly excludes persons such as Small who are in positions which require district superintendent certification. Second, the Board contends that the statute is ambiguous and thus we should interpret it in light of its legislative purpose. We will address each argument separately.

¶12 A. District Superintendent Certification

¶13 The Board maintains that Small is not entitled to tenure pursuant to this statute because, as an assistant district superintendent, Small held a position which required him to have a valid Montana superintendent's certificate. The Board argues that the phrase "in a position requiring teacher certification except as a district superintendent or specialist" operates to deny tenure to all positions which require certification as a district superintendent or specialist. In other words, the Board asserts that the statute should be interpreted to grant tenure only to a person "in a position that does require teacher certification but does not require certification as a district superintendent or specialist."

¶14 Small contends that the Board's interpretation of the statute is nonsensical because "district superintendent" certification does not exist in Montana. Rather, Small notes, his position required him to hold a valid class 3 teacher certificate with a "superintendent endorsement." According to Small, because district superintendent certification does not exist, this statutory phrase can only be interpreted as granting tenure to teachers "employed in a position, other than as a district superintendent or specialist, requiring teacher certification." In other words, the tenure statute grants tenure to all persons employed in positions requiring teacher certification except those persons employed as district superintendents or specialists. Small argues that because his position required teacher certification and because he was not a district superintendent or a specialist he is entitled to tenure.

¶15 The Board's interpretation of the tenure statute, precluding tenure to those persons whose position requires them to hold district superintendent certification, would be reasonable if district superintendent certification existed. However, as Small notes, there is no such thing as district superintendent certification in Montana. Rather, there are positions such as Small's which require teacher certification with a superintendent endorsement. *See* Rule 10.57.403(6), ARM. If the legislature had intended the phrase to be interpreted in the manner that the Board suggests, they could have easily done so by using the phrase "except those positions requiring a superintendent's endorsement."

Accordingly, the only interpretation this statutory phrase is capable of is the one Small urges us to accept: namely, the phrase serves to deny tenure to those persons employed as district superintendents or specialists. We conclude that Small is not expressly denied tenure by this statute.

¶16 We note that the Board made this particular statutory construction argument - that the statute expressly denied tenure to all persons whose positions required "district superintendent certification" - for the first time in its brief on cross-appeal. The Board agreed with Small's statutory construction below that the statutory phrase in question only expressly denied tenure to district superintendents and specialists. What the Board actually argued before the District Court, and what it has alternatively argued before us, is that the tenure statute does not clearly and unambiguously grant tenure to assistant district superintendents. We now turn our attention to the merits of this argument.

¶17 B. Statutory Ambiguity

¶18 Alternatively, the Board argues that the statute does not clearly and unambiguously grant tenure to assistant district superintendents and because of this ambiguity, we should be mindful of the statute's purpose in applying it to Small. With regard to the statute's alleged ambiguity, the Board contends that the teacher tenure statute clearly grants tenure to "teachers" and clearly denies tenure to "district superintendents," but does not clearly grant or deny tenure to assistant district superintendents. The Board contends that because the term "assistant district superintendent" is not legislatively defined, Small's tenure status should be determined based on whether his duties were more like a teacher's duties or more like a district superintendent's duties. Because Small's duties were more like a district superintendent's duties, the Board argues, he should be denied tenure.

¶19 According to the Board, because the teacher tenure statute does not clearly grant or deny tenure to assistant district superintendents, we should examine the public policy considerations underlying the legislatively-drawn distinction between teachers and district superintendents for purposes of tenure. Citing *Sibert v. Community College of Flathead County* (1978), 179 Mont. 188, 587 P.2d 26, the Board asserts that the purpose of granting tenure to teachers is to insure freedom to teach the truth and to stimulate thinking in a free society without fear of reprisal. The Board maintains that the purpose of excluding district superintendents from tenure is to give school boards the flexibility to retain and dismiss their highest-level executive officers as they see fit. The Board maintains that Small's position as an assistant district superintendent was "light-years removed from the

performance of classroom teaching or any other role that the tenure laws were enacted to protect" and thus he should not be considered a "teacher" for purposes of the tenure statute. In this regard, the Board refers us to a number of decisions issued by the Minnesota Supreme Court concluding that various administrative positions are not considered teaching positions for purposes of Minnesota's statutory tenure protections: *Frye v. Independent School District No. 625* (Minn. 1992), 494 N.W.2d 466 ("Associate Superintendent for Curriculum and Instruction"); *Board of Ed. of City of Minneapolis v. Sand* (Minn. 1948), 34 N.W.2d 689 ("administrative assistant" to district superintendent); *Eelkema v. Board of Ed. of City of Duluth* (Minn. 1943), 11 N.W.2d 76 ("district superintendent").

¶20 Small responds that there is no ambiguity in the tenure statute and, because he fits within the statutory definition of "teacher," he was clearly entitled to tenure. Rebutting the Board's policy analysis, Small notes that the tenure statute expressly applies to non-teaching school administrators who obviously do not need to be free to teach the truth without fear of reprisal. *See* § 20-1-101(18), MCA (providing that the term "teacher" includes members of a school's "supervisory, or administrative staff"). Furthermore, even if the tenure statute turned exclusively on the importance of preserving academic freedom, Small asserts that a strong case can be made that he deserved its protections. Small observes that, like a tenured principal, he was responsible for supervising classroom teachers and his job description made him responsible for all aspects of the school district's instructional program. Small asserts that if tenure is intended to protect the academic freedom of classroom teachers, it must also extend to those persons charged with their supervision. Lastly, Small contends that the Minnesota Supreme Court cases relied upon by the Board are without value in the instant dispute because those decisions interpret a tenure statute which is unlike Montana's tenure statute.

¶21 In construing the teacher tenure statute, we are mindful of the following rules of statutory construction. In the construction of a statute "[t]he office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. Statutory language must be construed according to its plain meaning and, if the language is clear and unambiguous, no further interpretation is required. *Infinity Ins. Co. v. Dodson*, 2000 MT 287, ¶ 46, 302 Mont. 209, ¶ 46, 14 P.3d 487, ¶ 46. If the plain words of a statute are ambiguous, however, the next step in judicial interpretation of the statute is to determine the intent of the legislature. *Infinity*, ¶ 46.

¶22 Montana's teacher tenure statute is not ambiguous. Thus, appeal to policy arguments or decisions from other jurisdictions interpreting different tenure statutes to aid our interpretation of Montana's tenure statute is unnecessary. *See Infinity,* ¶ 46. As the Board argued below, this statute clearly grants tenure to "teachers" and clearly denies tenure to "district superintendents." The only remaining issue with regard to whether Small was entitled to tenure is whether Small's position fits within the statutory definition of "teacher." Section 20-1-101(18), MCA, provides that a teacher means "a person, except a district superintendent, who holds a valid Montana teacher certificate . . . and who is employed by a district as a member of its instructional, supervisory, or administrative staff." Small held a valid teacher certificate, was not a district superintendent, and was employed by the district as a member of its supervisory and administrative staff. Therefore, Small was entitled to tenure.

## ISSUE TWO

¶23 Did the District Court err when it denied Small's request to determine damages due to termination?

¶24 Both parties agree that if we affirm the District Court's conclusion that Small was entitled to tenure, Small is entitled to a determination of damages. Small requests that we remand the case to the Glacier County Superintendent of Schools to conduct an evidentiary hearing on damages. Therefore, we affirm the District Court's conclusion that Small was entitled to tenure and remand to the Glacier County Superintendent of Schools.

¶25 Affirmed in part, reversed in part, and remanded.

/S/ JIM REGNIER

We Concur:

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

Justice W. William Leaphart, dissenting:

¶26 I dissent.

¶27 In construing the teacher tenure statute, the majority purports to be mindful of the rules of statutory construction. The Court's interpretation, however, ignores two basic rules of construction.

¶28 The statute in question provides:

> 20-4-203. Teacher tenure. (1) Except as provided in 20-4-208, whenever a teacher has been elected by the offer and acceptance of a contract for the fourth consecutive year of employment by a district in a position requiring teacher certification *except as a district superintendent* or specialist, the teacher is considered to be reelected from year to year as a tenured teacher . . . . [Italics added.]

¶29 At issue here is the phrase "except as a district superintendent." The question is whether that phrase modifies the remote term "position" or the nearer term "certification." The Court concludes that it modifies the remote term "position" and reasons that since Small was not in the position of a district superintendent, he is not excluded from tenure. In reaching that conclusion the Court ignores the rule that a relative clause must be construed to relate to the nearest antecedent that will make sense. *Dussault v. Hjelm* (1981), 192 Mont. 282, 285, 627 P.2d 1237, 1239. Here the nearest antecedent that makes sense is "certificate." Thus, the question is not whether Small held that "position" of district superintendent, but rather whether he was certified as a district superintendent. Since Small held a Class 3 Administrative Certificate with a Superintendent endorsement, he is excluded by the plain language of the statute.

¶30 Furthermore, it is well accepted that a court must reject a construction of a statute that would leave any part of the statutory language without effect. *Montco v. Simonich* (1997), 285 Mont. 280, 287, 947 P.2d 1047, 1051. The Court must avoid any statutory construction that renders any sections of the statute superfluous and does not give effect to all of the words used. *State v. Berger* (1993), 259 Mont. 364, 367, 856 P.2d 552, 554. Under the Court's construction of the tenure statute, the phrase "except as a district superintendent" is superfluous. The Court concludes that the phrase excludes only district superintendents from being tenured. However, there is no need to exclude district superintendents from tenure unless you assume in the first instance that they are eligible

for tenure. They are not. Under § 20-4-203, MCA, only "teachers" can be tenured. A "teacher" is defined as "a person, *except a district superintendent,* who holds a valid Montana teacher certificate . . . and who is employed by a district as a member of its instructional, supervisory, or administrative staff." Section 20-1-101(18), MCA (emphasis added). Obviously, since a district superintendent does not come within the definition of a teacher, he or she does not qualify for tenure under the first sentence of § 20-4-203, MCA, and does not need to be excluded from the tenure statute. The exclusionary language thus has no meaning whatsoever unless it is applied to someone who, although not holding the position of a district superintendent, nonetheless is certified as a district superintendent. That is, it has no meaning unless it is applied to someone like Small who is a teacher certified as a district superintendent and serving in the position of an assistant district superintendent.

¶31 Since I conclude that the legislature inserted the exclusionary language for a purpose, not as mere surplusage, I dissent.

/S/ W. WILLIAM LEAPHART

Chief Justice Karla M. Gray dissenting:

I join in the foregoing dissent of Justice Leaphart.

/S/ KARLA M. GRAY

Justice Jim Rice dissenting:

¶32 I join in Justice Leaphart's dissent and find the Court's decision flawed for additional reasons.

¶33 The Court premises its interpretation of § 20-4-203, MCA, on the proposition that "there is no such thing as district superintendent certification in Montana." ¶15. However, the Court ignores the very authority it cites for this proposition. Rule 10.57.403, ARM, is entitled "CLASS 3 *ADMINISTRATIVE* *CERTIFICATE*" (emphasis added). This rule sets forth the requirements for administrative certification of superintendents, principals, and other supervisory personnel. Those who meet the stated requirements receive an endorsement for each position they are certified for.

¶34 The position description for Small's job required that he possess a "valid Montana Superintendent's Certificate." While Small now conveniently contends that superintendent certification does not exist, he took a decidedly different stance when he offered himself as a qualified applicant for the position. It is incongruous for him to argue, and erroneous for this Court to hold, that certification for superintendents does not exist in Montana, when the law clearly provides for it.

¶35 The Court declares § 20-4-203, MCA, to be unambiguous. A review of the procedural history of this case reveals that the District Court found the statute to say something different than the Browning School Board, the County Superintendent and State Superintendent Nancy Keenan found. Now, the justices of the Montana Supreme Court cannot agree on its meaning. Apparently, everyone who reads the statute believes it to be abundantly clear-they just disagree about what it clearly says. In such cases, it is helpful to examine the purpose of the statute, and here the Browning School Board has offered rational public policy reasons for excluding assistant superintendent positions from the teacher tenure statutes.

¶36 Small applied for and accepted a position requiring that he possess a valid Montana Superintendent's Certificate. He performed the duties and received the benefits of his management position, including a salary of $60,800 per year. I believe his effort to now redefine himself as a teacher and wring tenure for himself from the law conflicts with the language of the statute and the public policy rationale underlying the statute.

¶37 I would reverse the District Court's decision finding Small is entitled to tenure.

/S/ JIM RICE