No. DA 06-0479

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 165

_____

JEFFREY SCOTT JORDAN,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

_____

APPEAL FROM:    District Court of the Tenth Judicial District,
In and for the County of Fergus, Cause No. DV-05-42,
The Honorable E. Wayne Phillips, Presiding Judge.

COUNSEL OF RECORD:

    For Appellant:

        Jeremy S. Yellin, Attorney at Law, Havre, Montana

    For Respondent:

        Hon. Mike McGrath, Attorney General; Carole E. Schmidt, Assistant
Attorney General, Helena, Montana

        Thomas P. Meissner, Fergus County Attorney; Monte Boettger, Deputy
County Attorney, Lewistown, Montana

_____

Submitted on Briefs:  May 9, 2007

Decided:  July 10, 2007

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Jeffrey Scott Jordan (Jordan) appeals the order from the Tenth Judicial District Court, Fergus County, denying his petition for post conviction relief. We reverse and remand to Judge William Nels Swandal, the original sentencing judge in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Jordan pled guilty to two counts of sexual assault on a minor in violation of § 45-5-502, MCA. Judge E. Wayne Phillips originally presided over Jordan's case, but had been substituted early in the proceedings. Judge William Nels Swandal assumed jurisdiction. Judge Swandal accepted Jordan's guilty plea and sentenced Jordan to serve two consecutive 12-year terms at the Montana State Prison, with Jordan becoming eligible for parole only after he completed phases 1 and 2 of the sexual offender treatment program. The Sentence Review Division of the Supreme Court of Montana amended Jordan's sentence to 20 years with eight years suspended on each count with the two counts running consecutively.

¶3 Jordan filed *pro se* a petition for post conviction relief on April 14, 2005, in the Tenth Judicial District. Judge Phillips appointed counsel to represent Jordan in the post conviction proceedings and simultaneously ordered the Respondent State of Montana (State) to file a response. The State urged the court to review the record and determine that Jordan is not entitled to relief. Judge Phillips dismissed Jordan's petition two days after the State filed its response based on the court's determination that the petition did not comply with § 46-21-104(2), MCA. This statute requires the petitioner to attach to

2

the petition "a supporting memorandum, including appropriate arguments and citations and discussion of authorities."

¶4 Jordan's appointed counsel finally filed a brief in support of Jordan's petition for post conviction relief on March 9, 2006. Jordan's counsel amended the petition on March 30, 2006. Judge Phillips dismissed Jordan's post conviction claim. The court determined that it already had dismissed Jordan's first petition for post conviction relief, and, therefore, could not treat Jordan's subsequent claim as an amended petition. The court instead viewed Jordan's claim as a separate, second petition. The court reasoned that § 46-21-105, MCA, prohibits the filing of a second petition for post conviction relief. Jordan appeals.

## STANDARD OF REVIEW

¶5 We review a district court's denial of a petition for post conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Hardin v. State*, 2006 MT 272, ¶ 11, 334 Mont. 204, ¶ 11, 146 P.3d 746, ¶ 11.

## DISCUSSION

¶6 Jordan argues that Judge Phillips lacked jurisdiction to deny his petition for post conviction relief. Jordan claims that Judge Phillips did not impose his sentence, and, thus, cannot rule on his petition for post conviction relief. Section 46-21-101(1), MCA, provides that a petition for post conviction relief must be filed in "the court that imposed the sentence." Jordan requests that we remand this case to Judge Swandal, who sentenced Jordan in the underlying criminal matter.

3

¶7     The State responds that § 46-21-101(1), MCA, simply requires the party to petition "the court" that imposed the sentence rather than the particular judge that presided over the petitioner's sentencing. The State argues that Jordan's interpretation of § 46-21-101(1), MCA, would preclude post conviction relief in cases where the sentencing judge had died or retired before the petitioner filed for relief.

¶8     We construe statutory language by its plain meaning. If the words are clear and unambiguous then no further interpretation is required. *Small v. Board of Trustees*, 2001 MT 181, ¶ 21, 306 Mont. 199, ¶ 21, 31 P.3d 358, ¶ 21. If the plain words of the statute are ambiguous, we interpret the statute according to the intent of the legislature. *Small*, ¶ 21.

¶9     Section 46-21-101(1), MCA, directs a petitioner to file a petition for post conviction relief in "the court that imposed the sentence." The statute's plain language provides no guidance, however, as to which judge may preside over the post conviction proceeding once the petition is filed in the proper court. We must look to other sources of statutory construction to determine the legislative intent. *Small*, ¶ 21.

¶10    We discussed in *Coleman v. State*, 194 Mont. 428, 633 P.2d 624 (1981), the history and purpose of § 46-21-101(1), MCA, in the context of whether a sentencing judge may recuse himself from a subsequent post conviction proceeding. We determined that the statute's requirement that a post conviction petition be filed in the court that imposed the sentence serves to: 1) alleviate the burden of the district court at the place of confinement; 2) reduce the cost of the proceeding as most of the witnesses to the post conviction proceeding likely reside in the place where trial and sentencing occurred, and;

4

3) allow the judge with the most familiarity of the facts and circumstances surrounding the case to review the post conviction claim so as to promote efficiency in the administration of justice. *Coleman*, 194 Mont. at 434, 633 P.2d at 628.

¶11 The sentencing judge constitutes the judge with the most familiarity of the testimony, briefs, motions, and trial court records involving the underlying criminal action that remains under collateral attack in the subsequent post conviction proceeding. *Coleman*, 194 Mont. at 435, 633 P.2d at 628. The sentencing judge should preside over the subsequent post conviction action to avoid the great delay and burden that would be imposed on the courts if a judge other than the sentencing judge had to become familiar with the record for the purposes of conducting a post conviction evidentiary hearing. Such a delay can be justified only "by the strongest showing of materiality and unavailability of evidence sought to be adduced from the sentencing judge." *Coleman*, 194 Mont. at 435, 633 P.2d at 628.

¶12 Jordan complied with the requirements of § 46-21-101(1), MCA, by filing his petition for post conviction relief in the court that imposed his sentence. The assignment of Jordan's post conviction case to the proper judge fell to the court once Jordan filed the petition in the proper court. *Coleman* requires the court to assign Jordan's post conviction matter to Judge Swandal. Judge Swandal sentenced Jordan in the underlying criminal action. As a result, Judge Swandal possessed the most familiarity of the testimony, briefs, motions, and trial court records involving Jordan's underlying criminal action. Nothing in the record indicates that Judge Swandal would have been unavailable to preside over Jordan's post conviction proceeding and Jordan presented no showing that

5

would have permitted Judge Swandal's recusal. *Coleman*, 194 Mont. at 435, 633 P.2d at 628.

¶13    Moreover, the substitution of Judge Phillips in Jordan's underlying criminal action would carry over to Jordan's post conviction proceeding.  Section 3-1-804, MCA, precludes a substituted district judge from acting "on the merits of the cause" or deciding any "legal issues therein."  A substitution of a trial court judge does not evaporate suddenly in a subsequent post conviction proceeding that involves the same parties, the same witnesses, and the same factual background as the underlying case from which the judge already had been removed.  Judge Phillips's substitution in Jordan's criminal action also prevents him from presiding over Jordan's post conviction proceeding.

¶14    We reverse Judge Phillips's orders of June 8, 2005, and June 20, 2006, dismissing Jordan's petition for post conviction relief.  We remand Jordan's post conviction claim for consideration by Judge Swandal.  We need not reach, therefore, Jordan's substantive claims regarding Judge Phillip's denial of his petition for post conviction relief.

/S/ BRIAN MORRIS


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE


6