DA 19-0612

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 289N

DANIEL JAMES MAROZZO,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:     District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause Nos. DV-19-104 and DV-19-105
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Daniel James Marozzo, Self-represented, Great Falls, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

Marcia Jean Boris, Lincoln County Attorney, Libby, Montana

Submitted on Briefs:  October 28, 2020

Decided:  November 17, 2020

Filed:

_____
Clerk

FILED

11/17/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0612

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of non-citable cases published in the Pacific Reporter and Montana Reports.

¶2 Marozzo appeals from the September 19, 2019 Order of the Nineteenth Judicial District Court, Lincoln County, denying his petition for postconviction relief. We affirm.

¶3 In November 2015, Marozzo was charged with felony DUI and misdemeanor driving while license suspended or revoked in Lincoln County, DC 15-92. During this time, charges were pending against Marozzo in Butte-Silver Bow County, for felony DUI, misdemeanor habitual traffic offender, and misdemeanor driving while license is suspended or revoked stemming from a November 2014 arrest. In February 2016, Marozzo was found guilty by a jury of felony DUI in the Butte-Silver Bow matter, his fourth DUI conviction. In March 2016, Marozzo was charged with felony criminal endangerment, felony DUI, misdemeanor driving while license suspended or revoked, misdemeanor failure to show proof of liability insurance, and fleeing from peace officer, in Lincoln County, DC 16-22.

¶4 On May 2, 2016, Marozzo entered into an Acknowledgment and Waiver of Rights and Plea Agreement regarding DC 15-92 and DC 16-22, under which Marozzo pled guilty to felony DUI in DC 15-92, and felony Criminal Endangerment in DC 16-22. In exchange, the State dropped all other charges and withdrew the persistent felony designation it had

sought. The agreement included a joint recommendation that the District Court impose a five-year commitment to the Department of Corrections for each offense, which was to run concurrently with Marozzo's sentence from Butte-Silver Bow County, and that Marozzo receive 140 days credit for time served. On May 9, 2016, the District Court imposed the jointly recommended sentences.

¶5 Marozzo filed a motion to withdraw from the plea agreement and, after it was denied by the District Court, filed a second, amended motion to withdraw his pleas. This motion was also denied by the District Court on the ground Marozzo had failed to present evidence demonstrating his pleas were not entered knowingly, voluntarily, and intelligently. Marozzo appealed and we affirmed, noting that "Marozzo received the exact sentence for which he bargained including withdrawal of PFO designation, dismissal with prejudice of the remaining charges, credit for time served, and concurrence with the Silver Bow County matter." *State v. Marozzo*, No. DA 17-0307, 2018 MT 131N, ¶ 7, 2018 Mont. LEXIS 174.

¶6 Marozzo then filed for postconviction relief in June 2019, alleging his counsel had been ineffective by negotiating an unlawful sentence as part of the plea agreement, thereby invalidating his convictions in DC 15-92 and DC 16-22. He argued his sentence in DC 15-92 was unlawful because it was his fourth such offense and, pursuant to § 61-8-731(1)(a), (b), MCA, his sentence of five years exceeded the maximum sentence that could not be "more than 2 years." Section 61-8-731(1)(a), MCA.

¶7 After initially dismissing his petition as untimely, the District Court granted Marozzo's petition for reconsideration, but denied the petition on the merits on the ground

3

that Marozzo had failed to establish that his counsel's performance fell below an objective standard of reasonableness. From this order, Marozzo appeals.

¶8 "We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118 (citing *Jordan v. State*, 2007 MT 165, ¶ 5, 338 Mont. 113, 162 P.3d 863). Discretionary rulings in postconviction relief proceedings are reviewed for an abuse of discretion. *Heath*, ¶ 13 (noting that this includes rulings relating whether to hold an evidentiary hearing) (citing *State v. Morgan*, 2003 MT 193, ¶ 7, 316 Mont. 509, 74 P.3d 1047). "Ineffective assistance of counsel claims present mixed issues of fact and law, which we review de novo." *State v. Sartain*, 2010 MT 213, ¶ 11, 357 Mont. 483, 241 P.3d 1032 (citing *State v. Herman*, 2008 MT 187, ¶ 10, 343 Mont. 494, 188 P.3d 978).

¶9 We review ineffective assistance of counsel claims by application of the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *State v. Main*, 2011 MT 123, ¶ 47, 360 Mont. 470, 255 P.3d 1240. Under this test, a defendant bears the burden of proving that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To satisfy the first prong, a defendant must show that "counsel's conduct fell below an objective standard of reasonableness measured under prevailing professional norms and in light of surrounding circumstances." *Whitlow v. State*, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d 861. To satisfy the second prong, the defendant must show that "there was a reasonable probability that, but for counsel's errors, the result of the proceeding would

have been different." *Main*, ¶ 47 (citing *State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, 97 P.3d 1095).

¶10 Marozzo makes the same argument on appeal as he did before the District Court, but it is based on a false premise. The Presentence Investigation Report explains that Marozzo's DUI conviction in Butte-Silver Bow County was his fourth such offense. Therefore, DC 15-92 was subject to § 61-8-731(3), MCA, the applicable sentencing statute for offenders with "four or more prior [DUI] convictions." Section 61-8-731(3), MCA. As such, the appropriate sentence was "a term of not less than 13 months or more than 5 years[.]" Section 61-8-731(3), MCA. Because a five-year sentence was permissible under the applicable sentencing statute, a lawful sentence recommendation was negotiated under the plea agreement.

¶11 Consequently, the first prong of *Strickland* is not satisfied because Marozzo failed to prove his counsel's performance "fell below an objective standard of reasonableness[.]" *Whitlow*, ¶ 20. As the District Court noted, Marozzo's counsel obtained a very favorable outcome for Marozzo. Starting with three separate incidents that would have been subject to three separate, consecutive sentences, Marozzo's counsel was able to arrange for all three sentences to run concurrently. The Butte-Silver Bow County matter was his fourth DUI conviction, with a potential to carry a two-year sentence. Section 61-8-731(1)(a), MCA. The DC 15-92 felony DUI was his fifth such conviction with the potential to carry a five-year maximum sentence. Section 61-8-731(3), MCA. The DC 16-22 charge of felony Criminal Endangerment had the potential to lead to a sentence of ten years. Section 45-5-207(3), MCA. Had counsel not secured the plea agreement, not only would

5

Marozzo have been subject to designation as a Persistent Felony Offender, but he would have faced up to seventeen years in prison, with no concurrent sentencing. The five-year commitment that Marozzo agreed to "willingly, voluntarily, and intelligently" substantially reduced his sentence and was favorable to his interests. Applying de novo review, we find that the District Court's conclusions of law were correct.

¶12   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13   Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR