FILED

03/07/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0289

DA 22-0289

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 42N

STEVEN MICHAEL FOLEY,

     Petitioner and Appellant,

  v.

STATE OF MONTANA,

     Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-21-682(C)
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Lane K. Bennett, Attorney at Law, Kalispell, Montana

     For Appellee:

     Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

     Travis. Ahner, Flathead County Attorney, Stacy Boman, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  February 8, 2023

Decided:  March 7, 2023

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1　Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2　Steven Michael Foley (Foley) appeals from an order denying his Petition for Postconviction Relief issued by the Eleventh Judicial District Court on March 30, 2022. We affirm.

¶3　On November 18, 2014, following Foley's plea of guilty to attempted deliberate homicide of his wife, the District Court issued its judgment and sentence.

¶4　On December 2, 2016, the District Court denied Foley's Motion to Withdraw Guilty Plea. Foley argued that he received ineffective assistance of counsel and that he did not knowingly nor voluntarily enter his plea. The court concluded that the motion was not timely, made a specific finding that his plea was knowing and voluntary, and determined Foley had not shown ineffective assistance of counsel. Foley did not appeal the court's factual findings with respect to his plea.[1]

¶5　On June 28, 2021, Foley filed a Petition for Postconviction Relief (Petition) asserting he received ineffective assistance of counsel and that he did not knowingly and

---

[1] On May 16, 2019, the District Court denied Foley's Petition for Restitution Adjustment. We affirmed. *State v. Foley*, No. DA 19-0332, 2020 MT 152N, 2020 Mont. LEXIS 1681.

voluntarily enter his plea. On March 30, 2022, the District Court denied the Petition due to its untimeliness—it calculated that the Petition was six years late. Foley argues that the miscarriage of justice exception applies to his case and exempts him from the deadline set forth by § 46-21-102(1), MCA.

¶6 This Court reviews a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Jordan v. State*, 2007 MT 165, ¶ 5, 338 Mont. 113, 162 P.3d 863. We review de novo the mixed questions of law and fact presented by claims of ineffective assistance of counsel. *Weaver v. State*, 2005 MT 158, ¶ 13, 327 Mont. 441, 114 P.3d 1039.

¶7 Foley was statutorily barred from raising the issue of whether his guilty plea was entered knowingly and voluntarily. Section 46-21-105(2), MCA, prohibits raising, considering, or deciding any grounds for relief in a proceeding for postconviction relief that were or could have reasonably been raised on direct appeal. Grounds for relief include all legal and factual issues. Section 46-21-105(3), MCA. Because Foley did not appeal the District Court's finding of fact that his plea was knowing and voluntary, he could not raise the issue now in his Petition. Moreover, he did not appeal the court's ruling on his ineffective assistance of counsel claim.

¶8 In assessing ineffective assistance of counsel, Montana courts apply the United States Supreme Court's two-prong test as articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *See State v. Colburn*, 2018 MT 141, ¶ 21, 391 Mont. 449, 419 P.3d 1196. Under the first prong of the *Strickland* test, the defendant must show

3

"counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Golie v. State*, 2017 MT 191, ¶ 7, 388 Mont. 252, 399 P.3d 892 (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064). Under the second prong of *Strickland*, the defendant must show that counsel's performance prejudiced the defense. *Whitlow v. State,* 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. Because a defendant must prove both prongs, an insufficient showing under one prong eliminates the need to address the other. *Whitlow*, ¶ 11.

¶9     This Court presumes effective assistance of counsel. *State v. Daniels*, 2003 MT 247, ¶ 21, 317 Mont. 331, 77 P.3d 224. A petitioner for postconviction relief must prove by a preponderance of the evidence that they are entitled to relief. *Rogers v. State*, 2011 MT 105, ¶ 15, 360 Mont. 334, 253 P.3d 889. A petitioner seeking to overturn a district court's denial of postconviction relief based on an ineffective assistance of counsel claim bears a heavy burden. *Whitlow*, ¶ 21.

¶10     Foley fails to satisfy the second prong of *Strickland*, which requires the defendant show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Dawson v. State,* 2000 MT 219, ¶ 147, 301 Mont. 135, 10 P.3d 1195.

¶11     The District Court determined that Foley filed an untimely petition. A petition for postconviction relief must be filed any time within one year of the date that the conviction becomes final. Section 46-21-102(1), MCA. However, in *State v. Redcrow*, 1999 MT 95, ¶¶ 32-34, 294 Mont. 252, 980 P.2d 622, this Court recognized that a showing of a manifest miscarriage of justice could result in an exception to that deadline. This exception is only

4

justified by "a clear miscarriage of justice, one so obvious that the judgement is rendered a complete nullity." *Redcrow,* ¶ 34. Foley admits that he cannot meet this standard, so asks this Court to expand the exception to fit the particular contours of his case. However, our precedent makes clear that the *Redcrow* exception is a narrow one. *See, e.g., State v. Root*, 2003 MT 28, ¶ 18, 314 Mont. 186, 64 P.3d 1035. We decline to expand the exception to Foley's specifications.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE