FILED

07/25/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0353

DA 22-0353

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 145N

STATE OF MONTANA,

    Plaintiff and Appellee,

  v.

ROBERT EARL STAUDENMAYER,

    Defendant and Appellant.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-18-379
Honorable James A. Manley, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Robert Earl Staudenmayer, Self-Represented, Shelby, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

        James Lapotka, Lake County Attorney, Polson, Montana

Submitted on Briefs:  June 28, 2023

Decided:  July 25, 2023

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appearing on his own behalf, Robert Earl Staudenmayer appeals a May 4, 2022 Order Dismissing his Petition for Postconviction Relief, issued in the Twentieth Judicial District Court, Lake County. Staudenmayer maintains that another person did the crime for which he entered a guilty plea. Upon review, we affirm.

¶3 Staudenmayer's underlying criminal case spanned several years. The State initially charged Staudenmayer on October 25, 2018, with three felonies: theft, money laundering, and robbery. The first two offenses were for the theft of gold coins, guns, and artwork from a storage locker as well as the re-sale of the items.[1] The State charged Staudenmayer and another person, Robert Gordon, with the first two offenses. On July 17, 2019, Staudenmayer raised an alibi defense during the court's omnibus hearing, and his counsel filed the notice of an affirmative defense.

---

[1] The robbery offense was for a separate incident where Staudenmayer forcefully took a debit card from his former girlfriend. The District Court later severed that charge upon defense counsel's motion.

¶4     On July 24, 2019, the District Court conducted a change of plea hearing. Staudenmayer entered guilty pleas to theft and money laundering.[2]  On September 11, 2019, the District Court sentenced him to the Montana State Prison for concurrent terms of ten years for theft and twenty years for money laundering.  Staudenmayer obtained new counsel who moved for withdrawal of the guilty pleas on the twin bases of an inadequate plea colloquy and a prison sentence instead of a commitment to the Department of Corrections.  The District Court granted Staudenmayer's motion to withdraw, vacated the written sentencing judgment on February 28, 2020, and set the matter for a hearing.

¶5     On December 16, 2020, the District Court held a change of plea hearing, and the court conducted an extensive colloquy, explaining that Staudenmayer could not withdraw his guilty plea after his plea to theft.  An acknowledgment of rights was signed and filed. Staudenmayer entered an *Alford* plea[3] to theft, and the court dismissed the money laundering charge.  On February 3, 2021, the court sentenced Staudenmayer to a ten-year, unsuspended prison term with a ten-year parole ineligibility restriction.[4]

¶6     On February 1, 2022, Staudenmayer timely filed a Petition for Postconviction Relief, asserting new evidence proving his "innocence."  Staudenmayer included a copy of a verified letter from Richard Gordon, who put forth that his co-defendant, Staudenmayer,

---

[2]  The State moved to dismiss the robbery charge at sentencing and later moved to dismiss two separate charges of strangulation of a partner or family member and bail jumping.

[3] *N.C. v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).

[4]  On July 22, 2021, Staudenmayer filed a motion to withdraw guilty plea, because he was not given the opportunity to object to appearing via audio-video communication for a change of plea, pursuant to § 46-16-105, MCA.  Following the State's response in opposition, the District Court denied his motion.

"had nothing to do with this crime." Without a response from the State or a hearing, the District Court issued an order denying and dismissing his Petition, concluding: "This is not newly discovered evidence or evidence that could not have been discovered with reasonable diligence prior to the guilty plea."

¶7 This Court reviews a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Oliphant v. State*, 2023 MT 43, ¶ 29, 411 Mont. 250, 525 P.3d 1214 (citing *Jordan v. State*, 2007 MT 165, ¶ 5, 338 Mont. 113, 162 P.3d 863).

¶8 Staudenmayer contends that the District Court erred in denying his petition for relief. Staudenmayer maintains that Gordon's affidavit exonerates him. Staudenmayer also challenges the court's "factual basis" determination of a plea, pursuant to § 46-12-212(1), MCA, asserting that the determination was inadequate "to support the acceptance of [his] [*Alford*] plea . . . ."

¶9 In response, the State reiterates that the evidence is not new as the court pointed out in its Order and as demonstrated by the record. Moreover, the State points out that Staudenmayer voluntarily entered his plea at his December 16, 2020 hearing and that he did not raise the issue of an inadequate factual basis for his plea in his petition for postconviction relief. The State further points out that Staudenmayer cannot challenge his plea now and through a petition for postconviction relief. *See Sanders v. State*, 2004 MT 374, ¶ 16, 325 Mont. 59, 103 P.3d 1053.

¶10 We conclude that the District Court's denial of Staudenmayer's Petition is not in error. The court concluded the record "conclusively shows Petitioner is not entitled to the

relief requested." *See* § 46-21-201(1), MCA. The court noted Staudenmayer's consistent argument through his underlying criminal proceeding:

> Petitioner's claim relates to one contention: that another person, Mr. Gordon, "*did the crime[.]*" Mr. Gordon's statement or affidavit is attached to the petition. This is not newly discovered evidence or evidence that could not have been discovered with reasonable diligence prior to the guilty plea. This was a contention the defendant had advanced throughout the case. The police reports identified Gordon as a co-actor in the series of crimes that included the felony theft Petitioner was convicted of. Mr. Staudenmayer chose not to go to trial. He received the benefit of the bargain with the [S]tate (dismissal of Count II). He could have gone to trial and testified to this, or subpoenaed Mr. Gordon for trial, or had his attorneys cross-examine Gordon. This contention is not a legal basis for postconviction relief.

We have stated before that "[n]ot all information obtained after trial qualifies as 'new' evidence." *Oliphant*, ¶ 33. Here, Staudenmayer presents an argument that he has put forth since the July 2019 alibi defense. Moreover, at his December 16, 2020 change of plea hearing, Staudenmayer admitted that the State could show he knowingly possessed stolen property, and Gordon's recent affidavit does not change that admission or the factual basis for the plea. The court did not err in its findings nor issue incorrect conclusions of law. *Oliphant*, ¶¶ 29-32.

¶11 Staudenmayer's other claim concerning his plea cannot be addressed in this appeal. "A postconviction claim that is not raised in an original or amended original petition cannot be raised for the first time on appeal." *Sanders*, ¶ 16. We decline to address Staudenmayer's claim not preserved for appeal.

¶12 Staudenmayer did not present any basis for postconviction relief, and the court correctly denied his petition.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶14 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE